No. 43.—JOHN D. MILNOR & Co., plaintiffs in error, *vs.* THE GEORGIA RAIL ROAD AND BANKING COMPANY, defendant.

[1.] Where a Bill was filed by the contractors on a Rail Road, against the Rail Road Company, to set aside the award of an interested Arbitrator, and to have an account for damages sustained by the contractors, for breach of contract on the part of the Company; *Held*, that a Court of Equity had jurisdiction, to grant relief, where it appeared by the terms of the agreement, it was stipulated between the parties, "that all disputes and differences arising under the contract, should be submitted to the Engineer of the Company, whose decision should be obligatory and conclusive between the parties, without further recourse or appeal; it appearing the Engineer was a stockholder in the Company, to the amount of ten thousand dollars, which fact was unknown to the contractors, at the time of making the agreement by which the Engineer was selected as such arbitrator.

[2.] That a man cannot be a judge in his own cause, is a principle too well established to require the citation of authority to support it.

In Equity, in Clark Superior Court. Decided by Judge SAYRE.

The plaintiffs in error filed their bill, returnable to August

Term of Clark Superior Court, 1842, against the defendant in error—wherein it was charged, that on the 21st day of December, 1840, they entered into an agreement with the defendant, to construct the superstructure on certain divisions of the Athens Branch of the Georgia Rail Road, a copy of which agreement is attached as an exhibit to the bill. This agreement, after minutely specifying the manner in which the Road is to be constructed, provides, that " the contractors are to make the wedges and treenails, the Company finding the timber." " It is also understood that the crossties and mudsills are to be delivered at convenient points along the line, and the wood and iron rails at the end of the finished part of the Road, by the Rail Road Company." The whole work was to be completed on or before the 25th December, 1841. After specifying the times and manner of making the payments, and providing that the Engineer may deduct from the stipulated price, wherever in his opinion the work is defectively executed, the contract provides, " And whereas, the above work must be inspected and received, it is hereby agreed that the Engineer of the Georgia R. R. & B'k'g Co., for the time being, or some one to be appointed by him, shall be the Inspector of the said work, shall determine when this contract has been complied with, according to its just and fair interpretation, and the amount of the same, and *all disputes and differences* arising under the same ; and his decision shall be obligatory and conclusive between the parties, to this contract, without further recourse or appeal."

It was further provided, that " if the contract did not progress in such a manner as in the opinion of the Inspector should ensure its completion by the time specified, he may declare the contract abandoned," &c., which declaration should absolve the Company from any obligation arising under the same.

The bill charges that the complainants knew not, at the time of the making of the contract, that the Engineer, (J. Edgar Thomson,) was a stockholder to the amount of ten thousand dollars, which they now allege to be the fact. That they entered immediately upon the work, and completed the same within the time limited. Pending the negotiation for the contract, the complainants, as they allege, put the question in writing, to the Engineer, (and Agent with whom the contract was made,) "If delay occurs through the Engineer—whose loss?" To which was replied— " No delay occurs through the Engineer." The bill charges, that

so far from this being true, they were throughout the whole work subjected to the most ruinous delays from want of materials, (all of which the Company were to furnish,) and from difficulties about the Right of Way; and to the bill is attached an exhibit, stating the number of days, and the cost to the Contractors, from this failure of the Company to furnish materials and to secure the Right of Way. The bill charges, that a bill of the lost time arising from these causes on Division No. 3, was submitted to the Engineer, who at that time intimated no intention of refusing compensation, but required of the Contractors certain onerous conditions, as to the evidence of lost time—requiring the certificate of the Assistant Engineer as to the time lost; that they endeavored to comply with these conditions, and after the completion of the work, submitted their bill for all the lost time, to the Engineer. " First, he promised to settle it. He then doubted, and concluded to submit it to the Directors, and promised to be governed by their opinion; but finally, declined making any allowance whatever, on the ground he had allowed them one cent per lineal yard for the superstructure more than their proposal." The bill further charges several decisions of the Engineer, in construing the contract which they charge to be ruinous to them, and intended only to vex and harrass them; and prays " that the decision of the Engineer be set aside, respecting the compensation for lost time occasioned by the Company; that the Company may come to a full and fair account for said lost time, and further relief."

To this bill, the defendant filed a general demurrer for want of equity, which was not heard until 11th Sept. 1847, before Judge Sayre, by consent, at Chambers, when the defendant insisted, for ground of demurrer, that the complainants had an adequate Common Law remedy.

Which demurrer was sustained, on the ground of an adequate Common Law remedy, the Court holding, that the demand for lost time did not arise fairly under the contract, no time being specified for the delivery of the materials. Consequently it was not a matter submitted to the arbitrament of the Engineer. That the question put to the Engineer as to delay, and his answer, could not be considered in explanation of the contract as reduced to writing. And that if the question was submitted, there was no award.

To which decision, sustaining the demurrer, complainants excepted, and allege for Error,

1st. That the Court erred in holding that complainants had an adequate Common Law remedy.

2d. That the Court erred in deciding that the time lost by the fault of the Company, was not a question arising under the contract.

3d. That the Court erred in deciding there was no award.

4th. That the Court erred in refusing to sustain the Bill for the purpose of an Account.

H. & T. R. R. COBB, for plaintiffs in error.

J. HILLYER, for defendant.

LUMPKIN, J. being a relative of one of the parties, and former counsel, did not sit on this cause.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] It appears from the record in this case that the plaintiffs in error entered into a written contract with the defendant, on the 21st day of December, 1840, to construct the superstructure on certain divisions of the Athens Branch of the Georgia Rail Road, as specified in said written contract, which work was to be finished and completed on or before the 25th day of December, 1841. The defendant covenanted to deliver the crossties and mudsills, at convenient points along the line, and the wood and iron rails at the end of the finished part of the road. The contracting parties also covenanted and stipulated that the Engineer of the Georgia Rail Road and Banking Company, for the time being, or some one to be appointed by him, should be the inspector of the work, and should determine when the contract had been complied with, according to its just and fair interpretation, and the amount of the same, and *all disputes and differences arising under the same; and that his decision should be obligatory and conclusive between the parties to said contract, without further recourse or appeal.*

The complainants allege in their bill a breach of the contract

on the part of the defendant, in not furnishing the materials as stipulated, according to a reasonable interpretation thereof, whereby they were subjected to ruinous delays' and losses, a bill of particulars of which is attached to their bill as an exhibit; and pray that the defendant may be decreed to account with them concerning the same, and for further relief, &c.

The defendant demurred to the bill of the complainants on two grounds: First, Because there was no equity in it, which would entitle the complainants to relief; and Second, Because, by the complainants' own showing, all matters of dispute or difference between the parties to the contract set forth, were to be determined by the engineer of said company, and from which there was to be no appeal, &c.

On hearing the demurrer, the Court below sustained it, and dismissed the bill; whereupon the complainants excepted, and now assign the same for error here.

It is undoubtedly true, as insisted on the argument, that a Court of Law is as competent to assess and award damages for the breach of an agreement, either express or implied, as a Court of Equity, and is the proper tribunal for the adjudication of such questions, where the remedy is *adequate*, and there is no impediment, or barrier, to hinder or obstruct such Common Law remedy. Such, however, is not the case made by the complainants' bill, in our judgment. The complainants do set forth a special agreement, in which there are dependant covenants, and allege a breach thereof on the part of the defendant; but that is not the *whole case* made by the complainants' bill. They charge that by the terms of the agreement, all disputes and differences arising under the contract, should be referred to the Engineer of the Company, and his decision should be obligatory and conclusive between the parties; that this Engineer was an *interested* stockholder in the Company to the amount of ten thousand dollars, which fact was unknown to the complainants at the time of entering into the agreement; and that they have submitted their account for losses, &c., to him, which he has declined to allow for the reasons stated. It was contended there had been no breach of the agreement, as the bill showed the materials were all furnished by the defendant *within the year*, and the work completed. What is to be considered a "just and fair interpretation" of this contract, according to its terms and stipulations? The just and fair interpretation of the

contract, is, in our judgment, that the complainants were to employ a *reasonable* number of hands, so as to complete the work within the year, and the defendant was to furnish the crossties, and mudsills at convenient points along the road, and the wood and iron rails at the end of the finished part of the road, as the same should be built by the complainants, when needed, without any *unreasonable* delay.

The complainants could not have employed a thousand hands, and have required the defendant to furnish *all* the materials within the first three months of the year within which the contract was to have been completed; nor could the defendant have required the complainants, with a reasonable number of hands, to perform the contract within the stipulated time, to remain idle until the last three months of the year, without furnishing the materials for the superstructure of the road, and then have required them to perform their contract within the year. Each party to the contract had a duty to perform, and to act in good faith towards the other. The complainants were bound to prepare themselves with the necessary *reasonable* means and laborers to do the work within the time limited; and the defendant was bound to furnish the necessary materials, as stipulated by the contract, within a *reasonable* time, when wanted by the complainants, so as not to occasion any unnecessary or *unreasonable* loss or delay on their part. The complainants charge, that in consequence of the failure of the defendant to furnish materials, and procure the right of way, they were, throughout the whole work, subjected to the most *ruinous delays and losses*, the extent of which appears from the bill of particulars annexed to their bill of complaint. After the complainants had completed the work, they allege they sought satisfaction of the Engineer, for the loss sustained by them. At first he promised to settle their account—then he doubted, and concluded to submit it to the Directors, and promised to be governed by their opinion; but finally, he declined making any allowance whatever of their account, upon the ground that he had discovered that he had allowed the complainants one cent per lineal yard for the superstructure, more than their proposal. The complainants claimed from the defendant nearly two thousand dollars for damages, as per account rendered, for non-compliance with the contract, and presented the same to the Engineer for payment, which, after some doubt and hesitation,

he has decided not to allow or pay. By the agreement of the complainants and the defendant, all disputes and differences arising under the contract between them, were to be determined by the Engineer, and his decision was to be obligatory and conclusive between the parties, without further recourse, or appeal. But it is said, in this case, there has been no *formal* submission of the matters in dispute, to the arbitrator selected by the parties, and no *formal* award made. If there has not been a strictly *technical* submission and award between the parties, there has been, in our opinion, just such a submission of the matters in dispute, and just such an award as was contemplated by the parties to the agreement; and if there were no other objections to it, would be binding and conclusive upon them; and such, we infer, was the view taken of it by the defendant, when the demurrer was filed; inasmuch as that is one of the grounds insisted on by it. "That act by which parties refer any matter in dispute between them, to the decision of a third person, is called a submission; the person to whom the reference is made, an arbitrator; the judgment pronounced by an arbitrator or arbitrators, an award. The submission may be purely by the act of the parties themselves, or it may be by their act, with the interposition of a Court." *Kyd on Awards*, 4, 5. Here is a matter of "dispute or difference," arising under the contract made between the complainants and the defendant. The agreement of the parties submits it to the decision of the Engineer, the arbitrator selected by them—the complainants' account, which is the subject matter of dispute, has been submitted to the arbitrator for his consideration and decision, and he has decided not to pay it; not because, as seems to be supposed, it was not supported by *sufficient evidence*, but for the reason that the arbitrator had discovered that he had allowed the complainants, *one cent per lineal yard for the superstructure more than their proposal.* It is true, during the progress of the work, the complainants rendered the Engineer an account for loss, on Division No. 3, and he then required the certificate of the Assistant Engineer; but when the *final decision* was made, no such reason appears to have been assigned by the arbitrator, but a very different one. The complainants' bill makes a case in which there is a dispute or difference between them and the defendant, arising under the contract for constructing the superstructure on certain divisions of the Athens Branch of the Georgia Rail Road.

By the contract of the parties, such dispute or difference was to be submitted to the Engineer for his decision, which, it is stipulated, shall be conclusive between the parties; that after the work was completed, the complainants submitted their account to the Engineer for loss and damage, in consequence of the alleged non-compliance of the defendant's part of the contract, who decided against allowing them payment for their claim, and gave his reason therefor, that at the time of entering into the agreement constituting the Engineer of the Company the arbitrator of all disputes and differences between themselves and the defendant, they were ignorant that he was a stockholder to the amount of ten thousand dollars, in the Company of the defendant, which they allege to be the fact. The main object of the complainants' bill is to have the award of this interested arbitrator set aside, and that the defendant may come to a full and fair account with them, for lost time and damage sustained by them in consequence of the alleged breach of the contract on the part of the defendant, in not furnishing the materials, &c., as stipulated therein. The object of the bill is not solely to recover damages for breach of the agreement, but it is to have the award of the arbitrator, which disallowed the account of the complainants, submitted to his decision under the agreement, set aside, on the ground that he was an *interested party*, which was unknown to the complainants at the time they agreed to submit the matter in dispute to his decision. If the arbitrators appear to have an interest in the subject matter of the reference, a Court of Equity will consider this as a sufficient ground for setting aside the award. *Kyd on Awards*, 239. 2 *Comyn's Dig.* 514.

[2.] That a party cannot be a judge in his own cause, is a principle too well established to require the citation of authorities to support it. According to the case as presented by the complainants in their bill, we are of the opinion that a Court of Equity has jurisdiction to grant the relief sought; and that the Court below erred in its judgment, in sustaining the demurrer and dismissing the bill.

Let the judgment of the Court below be reversed, and the cause reinstated.