TETZ vs. BUTTERFIELD.

*January 14 — February 7, 1882.*

CONTRACTS. *(1) Building contract construed. (2) Bad faith in umpire between parties to such contract.*

1. A contract for the erection of a dwelling by T. for B., provides that T. shall complete it in all its parts "in a good, substantial and workmanlike manner, to the acceptance of W. D., architect;" that if a dispute shall arise respecting the true construction of the drawings or specifications, the same shall be finally decided by the architect, but if any dispute shall arise respecting the true value of any extra work, or of work omitted, "the same shall be valued" by arbitrators, whose appointment is provided for; and that the work is to be executed "so as to fully carry out the design for said building as set forth in the specifications or shown on the plans, and according to the true spirit, meaning and intent thereof, and to the full satisfaction of W. D., architect, . . . *and to the satisfaction of the owner."* *Held,* that the last provision has no refer-

ence to the quality of the workmanship or materials, and as to these, in the absence of proof of fraud, mistake or unfair dealing on the part of the architect, his acceptance of the work as satisfactory binds the owner.

2. In an action by the builder upon the contract, the answer alleges that improper and inferior material was used by the plaintiff; and that if the architect "has expressed satisfaction with said work, he has failed to discharge his duty as an architect, and has done so in fraud of the rights of defendant, and through some collusive arrangement, as defendant is informed and believes, between himself and the plaintiff." On the trial, defendant offered evidence to show that'one of the floors was made of rotten flooring, and that much of the material used was rotten, etc., and that before plaintiff quit work, defendant notified him and the architect that he (defendant) was not satisfied with the work and material. *Held*, that it was error to reject this evidence, as it tended to show *bad faith* on the part of the architect in accepting the building, and such proof was admissible under the contract and answer.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

" This action was brought to recover a balance alleged to be due to the plaintiff on a written contract for building a house for the defendant, and for extra work done on such house, not included in the contract, and to enforce a lien upon the building, etc., for the amount found due the plaintiff. The defendant answers, admitting that the work was done under a written contract and specifications, which he makes a part of his answer, and then denies that the work was done according to the terms thereof, alleging that the work was done unskill-fully, and that improper and inferior material was used by the plaintiff; 'that he has no knowledge or information sufficient to form a belief as to whether the said work was done under the direction of William Davelaar, architect, and to his accept-ance, or whether it was done to the complete satisfaction of said architect, Davelaar; and that if the said Davelaar has ex-pressed satisfaction with said work he has failed to discharge his duty as architect, and has done so in fraud of the rights of this defendant, and by and through some collusive arrange-ment, as this defendant is informed and believes, between him-self and the said plaintiff.'

"As to the extra work for which plaintiff claims compensation, the answer denies his right to recover for one charge of $40, because he says it was done as compensation for or in place of other work required to be done by the terms of the contract; and as to several other charges for such work he denies that the work was worth the price charged therefor by the plaintiff. He then, by way of counterclaim, specifies the particulars in which the plaintiff has failed to perform his contract, and alleges that he was damaged by such failure in several amounts set out in such counterclaim, and claims damage to the amount in all of $1,500. The pleadings are too voluminous to be set out at length in this opinion. What is above stated is sufficient, perhaps, to present the questions to be determined on this appeal.

"The parts of the contract necessary to an understanding of the questions to be determined, are the following: ' The party of the first part agrees to complete the said dwelling, in all its several parts, in a good, substantial and workmanlike manner, to the acceptance of William Davelaar, architect, on or before the first day of May, 1880, for the sum of $1,850. . . . And further, should any dispute arise respecting the true construction of the drawings or specifications, the same shall be decided by the architect, and his decision shall be final and conclusive; but should any dispute arise respecting the true value of any extra work, or of work omitted, the same shall be valued by two competent persons, one employed by the owner and the other by the contractor; and these two shall have power to name an umpire, whose decision shall be binding on all parties.' ' No extra work charged unless agreed upon.' ' And further, that the said work is to be executed so as to fully carry out the design for said building as set forth in the specifications or shown on the plans, and according to the true spirit, meaning and intent thereof, and to the full and complete satisfaction of William Davelaar, architect, who is hereby declared to be the superintendent of said building, and to the satisfaction of the owner.' The last paragraph quoted is the last of the contract,

and the words 'and to the satisfaction of the owner' are in writing; all the other parts of said last paragraph are printed.

"Upon the trial plaintiff gave evidence in support of his claim, and proved by Davelaar that he had accepted the work as completed under the contract. He says he thinks it was a fair job, and was done all right. He also says the defendant suggested some changes, and gave him a list of the defects in the house and materials. 'It was a long list, and he told me to give it to the plaintiff.' After the plaintiff rested his case, the defendant offered evidence tending to show that one of the floors of the house had been made of rotten flooring. He also offered to show that much of the material used was rotten; that the roof was leaky; and other evidence tending to prove the allegations set out in his answer and counterclaim. He also offered to show that, before the plaintiff quit work on the building, he notified the plaintiff and the architect, Davelaar, that he was not satisfied with the work and material, and that he was damaged in the particulars mentioned in the answer.

"The circuit court excluded all evidence offered by the defendant, on the ground that the defendant was not entitled, under the pleadings, to introduce any evidence, because it appeared in evidence that the architect, who was made the arbiter between the parties, accepted the work as done in accordance with the plans and specifications, and there is no allegation in the answer charging that it was done through fraud or mistake."

Plaintiff had a verdict and judgment, and defendant appealed.

*Geo. B. Goodwin*, for the appellant.

The cause was submitted for the respondent on the brief of *Austin & Runkel.*

TAYLOR, J. The material questions to be determined upon this appeal are —*first*, whether, under the contract, in the absence of any proof of fraud, mistake or unfair dealing on the

part of the architect, Davelaar, his acceptance of the work as completed in accordance with the terms of the contract would bind the defendant; and *second*, whether the answer sets up facts which would entitle the defendant to show that, although there had been an acceptance of the work by the architect, such acceptance was not in good faith, but in fraud of the defendant's rights. Upon the first question, a majority of the members of this court are of the opinion that if the good faith of the acceptance of the work by the architect is not impeached, it is binding on the defendant as to the kind of workmanship done and materials furnished by the plaintiff; that the last paragraph of the contract, which requires the work to be executed so as to fully carry out the *design for said building* as set forth, etc., "to the full and complete satisfaction of the architect, Davelaar, who is declared to be superintendent, and to the satisfaction of the owner," has no reference to the quality of the work done or the materials furnished; that this provision was put in the contract only for the purpose of preventing any change of the plan or design of the building without the consent and approval of the defendant; but as to all other matters the work was to be done to the satisfaction and acceptance of Davelaar, the architect, and when so done the plaintiff would have performed his contract, unless it be shown that there was fraud, mistake or want of good faith on the part of the architect in accepting such work.

Upon the second point, we are all of the opinion that the matters set out in the answer were sufficient to authorize the defendant to show there had been either fraud, collusion or bad faith on the part of the architect in accepting the work; and that if he had been able to establish by his evidence the facts set out in his answer, such evidence would have tended to establish at least bad faith on the part of the architect, and so would have avoided the conclusive effect of his acceptance of the work. If the defendant could have shown by his evidence that the plaintiff put rotten materials in the floors and roof of

said building, where the contract required him to put in good, sound timber and materials, or that he had done other things alleged in the answer in direct contravention of the requirements of the contract, and that, notwithstanding such facts, the architect had accepted the work, after being informed of the facts by the defendant, and against his objection, it seems to us that it would be competent evidence to go to the jury on the question of the bad faith of the architect in accepting the same.

In the case of *Hudson v. McCartney*, 33 Wis., 331, the late Chief Justice DIXON says: "Neither do we think the case was one where the jury should have been permitted to go into evidence of the manner in which the work was executed, for the purpose of impeaching the decision of the superintendent;" but, he adds, "if fraud in the arbiter can ever be established by proof that he refused to certify the execution of the work when the same had been duly and properly performed, it can only be in those cases where the refusal is shown to have been grossly and palpably perverse, oppressive and unjust — so much so that the inference of bad faith and dishonesty would at once arise when the facts are known." The evidence offered by the defendant in this case, if given, would have tended to prove such a state of facts as would, at least, have justified an inference of bad faith on the part of the architect in accepting the work. Knowingly accepting unsound and rotten materials, where the contract called for sound materials, would certainly tend to prove bad faith; and if the evidence had shown that he had permitted large quantities of such material to be used, when the contract called for sound and perfect materials, it would be almost conclusive evidence of that fact. Proof that a few pieces of imperfect material had been used, or that in some slight matters the workmanship had not been in strict accordance with the terms of the contract and specifications, would not be sufficient to avoid the acceptance of the work by the architect, nor establish bad faith on his part; but it seems

to us, if the defendant had proved all the matters set out in his answer to their full extent, it would have shown such a want of faithfulness on the part of the architect as should render his acts ineffectual to bind the defendant. We think the court erred in excluding the evidence offered by the defendant, and for that error the judgment must be reversed.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.