## 1905.  SOUTHERN MANUFACTURING COMPANY
### *v.* R. L. MOSS MANUFACTURING COMPANY.

1. In the absence of an express stipulation to the contrary, the statutory lien of a builder and materialman for labor and material furnished in improving real estate, arising under an entire contract, can not be foreclosed until the completion of the contract.

2. A stipulation in a building contract to the effect that the compensation of the builder shall be due and payable only on the certificate of a

named engineer is a condition precedent, and an allegation of compliance with this condition is essential to the maintenance of an action brought to recover the unpaid balance of the compensation provided for in the contract, and to enforce its collection by the foreclosure of the materialman's lien. And though this stipulation may be waived, still the mere failure or refusal of the umpire, chosen by the parties, to give a certificate does not entitle the builder to sue upon the contract. If the engineer named in the contract as the arbiter has given a certificate stating that the contract has not been completed nor complied with, a recovery can not be had under the contract, and a suit upon a quantum meruit, to recover the value of the services and material furnished, would be the plaintiff's appropriate remedy.

3. In case of dispute between the parties as to the performance of any of the conditions or stipulations of a written contract, the mere submission of a proposal for arbitration of the matters in dispute, which was not acted upon by the opposite party, is not such a waiver as will operate as an estoppel. Unless the party to whom this proposal is made accepts it and acts thereon, the party making the proposition to arbitrate is not estopped from insisting upon the original contract; no right of the party to whom the proposal was made has been prejudiced or affected. The right to claim an estoppel by waiver is based on the loss or surrender of an equivalent right which would still exist but for some act of the opposite party which has altered the position of him who insists upon the waiver. To derive the benefit of an estoppel by waiver, he who asserts a waiver must show either that he has lost something or that the opposite party gained something by the act in question by reason of which it would be unjust to permit the beneficiary of the intervening act to assert his pre-existent rights.

Foreclosure of lien; from city court of Athens—Judge Howell Cobb. March 22, 1909.

*E. K. Lumpkin,* for plaintiff in error. *T. S. Mell,* contra.

RUSSELL, J. In this case the statutory lien of a builder and materialman was foreclosed upon the real estate of the opposite party to a written building contract in which it was stipulated that the decision of all questions as to the completion of the contract, as well as the builder's compliance with the specifications, should be submitted to engineers as agents of both the contracting parties. Since we are of the opinion that the nature of the plaintiff's action could not be disregarded, nor a new contract be substituted for that entered into by the parties, and which was necessarily the foundation of the action sub judice, and that therefore the lower court should have disposed of the case upon the defendant's motion, it is unnecessary to refer to the contentions of the defendant as set forth in its answer, and we shall state only the case as made by the plaintiff in the petition, with the amendments

allowed by the court, and the defendant's objections to the proceeding.

The R. L. Moss Manufacturing Company, a corporation, brought suit in the city court of Athens, against the Southern Manufacturing Company, to foreclose a builder's lien for a balance alleged to be due the plaintiff for building 25 operatives' houses for the Southern Manufacturing Company, which the petition alleged were built under a written contract between the parties, according to plans and specifications referred to in the contract. The petition alleged, that the plaintiff complied with the terms of its contract and built the houses as it had contracted to do; that as the work progressed the defendant paid the plaintiff sums aggregating $12,725, but failed and refused to pay the balance due on said written contract, and that the defendant was liable for an additional sum of $721.75 for extra material and work and insurance on three houses, as set forth in the declaration. It was further alleged that the plaintiff filed and recorded its contractor's lien within three months after the completion of the contract, as required by law.

The written contract which was the basis of the suit was not attached to the petition, and the defendant demurred to the petition, as follows: To the second paragraph (which alleged the written contract for the building of the 25 houses according to the plans and specifications which were a part of the said contract), upon the ground that the written contract and the plans and specifications were not set out, either by copy or in substance, and that the second paragraph is vague and uncertain by reason of the fact that it does not disclose what are the terms and conditions either of the contract or of the plans and specifications. For the same reasons the defendant demurred also to paragraphs 3, 4, 5, and 6 of the petition. Pending a ruling upon the demurrer the plaintiff, by way of amendment, attached a copy of the original contract and of the plans and specifications, and offered another amendment, setting up that during the progress of the work the engineers in charge under the contract were frequently upon the ground where the work was in progress, and that no objection, verbal or in writing, was ever made by them to any of the material placed in said houses, or to any of the workmanship done on them, although the petitioners repeatedly requested said engineers to in-

54

spect the work as it progressed and to point out to the petitioner anything objectionable in the material or workmanship, and that the engineers failed to inspect or point out defects; that when some of the houses were completed and the petitioner urged the engineers to inspect them and give to the petitioner a certificate for payment, the engineers declined (as averred by the plaintiff), solely because the defendant did not have any money and did not wish them inspected and a certificate given; that the petitioner called the attention of the engineers to that item of the specifications which called for a second coat of plastering, to be put on in accordance with the directions of the manufacturers and to be floated down to a sand finish, and that the manufacturers said that on lath work the plastering must not be floated, and that some of the plasterers were floating it and some troweling it, and requested the engineers to direct how the plastering should be put on, and the engineers failed and refused to give any direction as to how the plastering should be put on; that one of the engineers was taken into one of the houses and shown the plastering, after it was completed, and inspected it and made no objection; that this inspection was made before the plastering in any of the other houses was completed, and no objection was made to the plastering, or direction given; that the engineers frequently passed by the houses while they were in course of construction and saw the material and workmanship, and made no objection to either; that when the work was in process of construction the petitioner repeatedly urged the engineers and the defendant to inspect the same and point out any defects in material and workmanship; that the defendant's authorized agents were often on the ground where said houses were being erected, at all periods of the work, and were urged to have the engineers point out any defects, and that they failed and refused to do so, but permitted petitioner to proceed with the construction of the said houses to completion, and until it was practically impossible to remedy any defects in material or workmanship, if any existed. The amendment further alleged that when the houses were completed and tendered to the defendant, the defendant refused to pay the contract price, upon the ground that they were not up to the contract, and offered to arbitrate the differences between petitioner and defendant. It was further alleged that the defendant did not at any time demand

that the petitioner get a certificate from the engineers, and did not at any time refuse to pay the contract price because the certificate was not obtained, but based its refusal to pay entirely upon the ground that the houses were not built according to specifications; that the petitioner urged the defendant and the engineers to point out any defects in material or workmanship in said houses, and both refused to do so, declaring that the petitioner and the defendant must get together and make such adjustment of the matter as they could. In fine, the amendment to the petition alleged that, by reason of the defendant's conduct as therein set forth, it had waived its right to have the engineer's certificate produced, under the terms of the contract, as a prerequisite to payment of the amount due according to the contract, and that the defendant was estopped from denying that the work was done and the material furnished according to contract.

The defendant moved the court to disallow and strike the amendment, on the following grounds: "Because the terms of the contract which by amendment had been made a part of plaintiff's petition, and was the foundation of the suit, showed on its face and provided in substance that the contractor should provide all materials and perform all work for the complete construction of the buildings referred to, as shown on the drawings and described in the specifications prepared by Miles & Bradt Company, the engineers; that it was understood and agreed by and between the parties that the work included in this contract is to be done under the direction of said engineers, and that their decision as to the true construction and meaning of the drawings and specifications shall be final; that it was further provided in said agreement that 'it is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and material shall be $1,025 each for the double-room cottages, or $25,625 in the aggregate, subject to conditions and deductions as hereinbefore provided, and that such sum shall be paid by the owner to the contractor in current funds, and only upon certificates of the engineers as follows: . . And the balance of the purchase-price shall be paid when all the cottages *are completed and accepted by the engineers.* The final payment shall be made within ten days after the expiration of the work included in the contract, and all payments shall be due when certificates for the same are

issued;' that under this agreement it was a condition precedent to the bringing and maintaining of this suit that the terms and conditions of said contract should be complied with, the houses completed according to contract, accepted by the engineers agreed to by the parties in said contract, and the issuing by them of a certificate to that effect; that this must be alleged and proven, and that until this was done the final payment was not due, and, not being due, no suit could be brought therefor; that the original petition and cause of action stated therein was a suit on this contract, and for the purpose of foreclosing a lien claimed thereunder, and that plaintiff's amendment made a new and different cause of action, and should not be allowed for that reason; that said entire amendment, and especially that part relating to requests made by plaintiff of the said engineers, and what was done or not done by said engineers, could not be plead against this defendant, or affect them, whatever rights, if any, plaintiff might have against said engineers, for the reason that by the terms of said contract both plaintiff and defendant mutually selected said engineers and agreed, as shown by the terms of said contract, that their actings and doings, decisions and findings, were to be final as between the parties; that said engineers, as to the furnishing of said certificate and decision of the matters stated in said contract, were as much the agents or representatives of plaintiff as of the defendant, and that defendant was not responsible to plaintiff in any wise for any failure on the part of said engineers; that the decisions and findings of said engineers as to said work and the true construction and meaning of the drawings and specifications should be final, and that plaintiff in this suit, which was for the foreclosing of a lien under this contract, could neither call in question by pleadings, or prove the incorrectness of, the actings and findings of said engineers, or go behind the same; that this could only be done by a direct proceeding brought for that purpose, and based only on fraud or mistake of the said engineers so gross as to amount to fraud; that said amendment, even if such issue could be raised in this case, which we respectfully submitted could not be, for the reasons already stated, that the said amendment did not contain any allegation that the certificate required had been obtained, nor such necessary allegations of fraud or gross mistake; that that portion of said amendment relating to defendant was improper,

for the same reason just above stated, and for the further reason that it was not the duty of the defendant, under the contract, to constantly inspect and watch the plaintiff as the work progressed, to see that they did not use improper material or do improper work; that defendant had the right to rely on it that plaintiff would comply with their contract, and no burden was on the defendant to watch during the progress of the work, to see that they were so doing, and the fact that defendant's failure to inspect and object could not legally be construed into a waiver of improper work and material; nor did said amendment disclose or state that the 'authorized agents of defendant' referred to had any authority, as agents, in connection with the work being done by plaintiff, or who they were or what they were authorized to do; defendant being a manufacturing company and having agents authorized for one purpose and another, such, for instance, as running the machinery in the factory, etc., and their agents could not bind defendant by anything they might do or not do beyond the scope of their authority; and that there is no allegation in said amendment showing that the matters therein referred to were within the scope of authority of the agents mentioned, or that they knew or were qualified to know whether the work was being done as per contract, or not, or that though they may have been authorized agents of defendant for such purpose, that they were on the ground where this work was being done in that capacity, or representing defendant at the time, and that it was not the duty, under the contract, of defendant, either by itself or its agents, to inspect or constantly watch plaintiff to see that they did not use improper material or do improper work in building said houses, but that defendant and its agents had the right to rely on it that plaintiff would carry out his contract, and, when he had completed the houses, that they would be in accordance therewith; that the allegations of said amendment as therein stated did not and would not legally constitute and work a waiver on defendant, and estop them from denying that such work was done and material furnished according to contract; and that said amendment, in view of the terms and conditions of the contract, which was a part of the original petition, did not come up to the requirements of the law, in that it did not allege, or offer to prove, that the conduct of the engineers was fraudulent, or the result of such gross mistake on

their part as to amount to fraud; and that, failing to do so, it did not cure the defects of the original petition, and that it was too vague and uncertain in its allegations; and that for all of these reasons it should be disallowed and stricken."

The court refused to strike the amendment and the defendant filed exceptions pendente lite. The case then proceeded to trial, and the trial resulted in a verdict for the plaintiff for the sum of $5,644, with interest, and establishing the contractor's lien in favor of the plaintiff for that amount. Thereupon the defendant made a motion for a new trial, upon various grounds, which was overruled. The writ of error challenges not only the judgment refusing a new trial, but also the correctness of the ruling upon the defendant's demurrer to the petition and upon its motion to disallow and strike the amendment offered by the plaintiff.

In the view that we take of the case it will be unnecessary to discuss the merits of the 36 grounds of the amended motion for a new trial, and the various assignments of error specified therein, which cover 36 pages of the record. We approve both the reasoning and the result in a case where the Supreme Court of Michigan construed a practically identical stipulation in a similar building contract (Hanley *v.* Walker, 79 Mich. 607, 45 N. W. 57, 8 L. R. A. 207), and wherein Chief Justice Champlin held that the plaintiffs' failure to obtain the certificate and complete the work to the satisfaction of the architects was a complete defense to the suit. In the Hanley case, as in this, payments were to be made as the work progressed, upon the architects' certificates, and the balance due was to be paid on the completion of the job and its acceptance by the architects and the owner, upon the certificate of the architects showing such performance and acceptance; and the plaintiffs brought suit to recover the balance claimed to be due on the contract, without procuring such certificates. The stipulation as to the certificates was held to be a condition precedent to payment under the agreement of the parties, and no recovery could be had by the plaintiffs unless the defendant had waived the condition. In ruling upon the point the learned Chief Justice says: "It is claimed by defendant's counsel that the failure of plaintiffs to complete the work to the satisfaction of the architects, and procure their certificates, is a complete defense to this action. I think the point is well taken. . . When parties capable of contracting have deliberately entered into a

written agreement in which, by all just rules of construction, the certificate of the architects is made a condition precedent to a right of action, such condition must be performed, or its requirements waived." In support of this proposition the following authorities are cited: Leake, Cont. 640; Benj. Sales (3d Am. ed.), § 575; Morgan v. Birnie, 9 Bing. 672; Grafton v. Railway Co., 8 Exch. 699; Clarke v. Watson, 18 C. B. (N. S.) 278; Goodyear v. Mayor, Har. & R. 67; Ferguson v. Galt, 23 U. C. C. P. 66; Smith v. Briggs, 5 Denio, 73; Railroad Co. v. McGrann, 33 Pa. 530 (75 Am. Dec. 624); Reynolds v. Caldwell, 51 Pa. 298; O'Reilly v. Kerns, 52 Pa. 214; Gray v. Railroad Co., 11 Hun, 70; Tyler v. Ames, 6 Lans. 280; Spring v. Clock Co., 24 Hun, 175; Smith v. Brady, 17 N. Y. 173 (72 Am. Dec. 442); Wyckoff v. Meyers, 44 N. Y. 143; Wangler v. Swift, 90 N. Y. 38; Tetz v. Butterfield, 54 Wis. 246 (11 N. W. 531, 41 Am. R. 29); Kirtland v. Moore, 40 N. J. Eq. 106 (2 Atl. 269); Hot Springs Railway Co. v. Maher, 48 Ark. 522 (3 S. W. 639); Stose v. Heissler, 120 Ill. 433 (11 N. E. 161, 60 Am. R. 563); Boettler v. Tendick, 73 Tex. 488 (11 S. W. 497, 5 L. R. A. 270); Byrne v. Sisters of St. Elizabeth, 45 N. J. Law, 213; Elliott v. Assurance Co., L. R. 2 Exch. 243. Of course, it was inferentially held in the Hanley case, supra, that if there had been any fraud on the part of the architects, or any collusion between them and the defendants, the action might have proceeded; and for that reason we shall hereafter deal with that phase of the case, and with the subject of waiver.

In *Milner* v. *Georgia Railroad Co.*, 4 *Ga*. 385, *Atlanta & Richmond Air-Line Railroad Co.* v. *Mangham*, 49 *Ga*. 266, and *Parsons* v. *Ambos*, 121 *Ga*. 98, 102 (48 S. E. 696), all of which were direct equitable proceedings, it was held that where the decision of an umpire was a condition precedent to the right to maintain an action, the action might be maintained under certain circumstances before a decision was made, but could not be maintained after a decision had been made which denied the plaintiff's right to recover. In the *Parsons* case, supra, the court says: "For example, in building contracts it is manifest that there must be some one, other than a court or jury, to pass on the question as to whether there has been a compliance with the specifications as the building proceeds, or to determine whether the work shall be accepted or rejected after its completion. Hence there must be a lawful and

irrevocable stipulation for the certificate of the architect or engineer." See, also, Holmes v. Richett, 56 Cal. 307 (38 Am. R. 54) ; Kihlberg v. United States, 97 U. S. 398 (24 L. ed. 1106) ; Sweeney v. United States, 109 U. S. 620 (3 Sup. Ct. 344, 27 L. ed. 1053) ; Martinsburg & Penn. R. Co. v. March, 114 U. S. 549 (5 Sup. Ct. 1035, 29 L. ed. 255). In *Elmore* v. *Thaggart,* 130 *Ga.* 702, 703 (3) (61 S. E. 726), it was held that the obtaining of a similar certificate to .that with which we are now dealing was a condition precedent to the plaintiff's right to recover, and that a petition which failed to show compliance with that term of the contract, or any reason why such certificate was not obtained, was open to attack by general demurrer.

We conclude, therefore, that a stipulation in a building contract to the effect that the compensation of the builder shall be due and payable only on the certificate of a named engineer is a condition precedent, and that an allegation of compliance with this condition is essential to the maintenance of an action brought to recover the unpaid balance of the compensation provided for in the contract, and to enforce collection by foreclosure of the materialman's lien. And though this stipulation may be waived (as any provision of any contract may be waived), still the failure or refusal of the umpire, chosen by the parties, to give a certificate does not in such a case entitle the builder to. sue upon the contract; and certainly if the engineer named in the contract as arbiter (and whose decision as to the completion of the contract is to be final) has given a certificate stating that the contract has not been completed or complied with, a recovery can not be had under the contract; and a suit upon a quantum meruit, to recover the value of the services and material furnished, would be the plaintiff's appropriate remedy.

The following questions are involved in the ruling upon the demurrer and the motion made by the defendant to strike the second amendment to the petition: (1) Can a builder's lien be foreclosed unless the contract has been complied with? (2) Is the provision in the contract here involved, by which payments are to be made only upon the certificates of the engineers, and the stipulation making the decision of the engineers as to compliance with the specifications and as to the completion of the work final, an essential term of the contract? (3) Are the allegations of the petition as amended sufficient to require the implication of a waiver

of this condition on the part of the defendant? Under the provisions of the code [Civil Code of 1910, § 3353], the right to foreclose a lien provided by law does not arise until there has been "a substantial compliance by the party claiming the lien with his contract for building," etc. So it is plain that the proper answer to the first question depends upon the materiality, force, and effect of that provision in the contract now before us which leaves to the engineers the final determination as to the completion of the contract. We shall therefore consider in reverse order the questions just stated; for the terms of the contract are beyond dispute, the plaintiff relying only upon the proposition that the stipulation as to the certificates of the engineers was waived by the defendant, both by an offer to arbitrate the differences existing between the contracting parties and by the previous failure of the defendant to call the attention of the builder to defects in the work during its progress.

In our opinion, under the terms of the contract involved, it was not incumbent upon the defendant, during the progress of the work, to object from time to time to minor details in the construction, when unsatisfactory to it, or when it thought that the result sought to be achieved by the contract might be better reached by performance in a different manner. In practical operation such a system of petty nagging might render intolerable the performance of a building contract, and, to avoid this, it was stipulated in the present instance that the engineers should from time to time supervise the work. Provision was made for partial payment upon the contract, in accordance with certificates issued by the engineers, and, to say the least of it, the engineers were plainly constituted the agents of both parties to the contract. The allegations of the amendment proposed by the plaintiff, when viewed in the light of the provisions of the contract upon this subject, fail to show a waiver of defects in construction or material dependent merely upon the fact, as alleged, that authorized agents of the defendant frequently saw the houses during the process of construction. Nor do we think a waiver of the provision which left to the engineers the final decisions as to the completion of the buildings, and as to whether the houses had been built in accordance with the specifications, can be held, as a matter of law, to have resulted from the mere proposal on the part of the defendant to arbitrate

the differences between the parties.  Especially is this true when the proposal to arbitrate was not made until after the engineers had reported that the houses had not been completed in accordance with the contract, and had expressly refused to issue the plaintiff the certificates, which, under the contract, were essential to entitle the building company to demand payment.  The contract itself provided for arbitration in the event of differences; and if the plaintiff had accepted the defendant's offer to arbitrate, the arbitration would have been a final substitute for the certificate of the engineers; but a mere offer on the part of the defendant to arbitrate, which was not accepted or acted upon by the plaintiff, can not constitute such a waiver of the defendant's right to insist upon the provisions of the contract as to the certificates as will amount to an estoppel.  To obtain the benefit of an estoppel by waiver, he who asserts the waiver must show either that he lost something, or that the opposite party gained something by the act from which it is sought to imply the waiver, by reason of which it would be unjust to permit the beneficiary of the intervening act to assert rights which but for such act he might have claimed.  According to the allegations of the plaintiff itself, there was no agreement to arbitrate.  The Southern Manufacturing Company offered to arbitrate, but the plaintiff disregarded the offer, and the defendant did not gain anything, nor did the plaintiff lose anything thereby.

The provision of the contract to the effect that only when the certificates of the engineers for the same are issued will final payment be due, we think, of itself answers the question as to the materiality of this condition in the stipulations between the parties.  Both parties are alike bound by this agreement, and it is a condition precedent which can not be destroyed or attacked, except upon some such ground as fraud, and in a direct proceeding for that purpose.

Considering that the action is brought to foreclose a statutory lien, and viewing in this light the petition after it was amended by setting out the contract in full, we are of the opinion that the defendant's motion to strike the amendment offered by the plaintiff should have been sustained.  Nothing is better settled than that lien laws are to be strictly construed, and that (as statutes upon this subject are in derogation of the common law) he who claims a lien must clearly establish his right thereto.  We do not hold

that the plaintiff may not be entitled to recover upon a quantum meruit. In fact, upon the principle stated in Hanley v. Walker, supra, we think an action of this kind is available. But when the plaintiff pleaded the contract its rights were confined to and limited by the terms of the contract, unless the plaintiff could succeed in showing that the contract was waived. The language of the amendment itself is a recognition of this principle. The contract was exhibited, and the amendment is designed to show that, even if the plaintiff has not fully complied with the stipulations of the contract, performance of these stipulations was waived by the defendant, and that this waiver by the defendant was as effectual as compliance on its part, and equivalent thereto. As amended by the addition of the contract, the petition itself states: "The contractor is to provide all material . . as may be necessary for the complete and substantial erection of everything described, shown, or reasonably implied in the drawings and specifications. The work is to be executed in a thorough and workmanlike manner, under special supervision of the builder, and all to be to the entire satisfaction of the owners and engineer in charge of said work. The plans and specifications are intended to co-operate, and work shown on the plans and not mentioned in the specifications, or vice versa, is to be executed in the same manner as if called for in both. The builder must carefully protect from injury all finished work, and leave the work in a perfect and undamaged state, to the entire satisfaction of the owners. It is further provided in said contract that the decision of the engineers named in said contract as to the true construction and meaning of the drawings and specifications shall be final, . . and that they agree to conform to and abide by the same so far as they may be consistent with the purposes and intent of the original drawings and specifications referred to in said contract. It is further provided in said contract that the contractor shall complete the several portions and the whole of the work comprehended in this agreement within four months from the date of the contract, and that payments are to be made in current funds and only upon certificates of the engineers; it being further provided that no certificates given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be con-

strued to be acceptance of any defective work or improper materials; it being further provided in said contract that final payment shall be due when the certificates of the engineers for the same are issued."

In addition to the plaintiff's failure to produce the engineers' certificate, the petition discloses failure on the part of the plaintiff to comply with other stipulations. In order for the plaintiff to recover it was necessary for the work to be completed. This is essential in any case where it is sought to foreclose a contractor's lien. By the terms of the contract the work was not complete until the work was in perfect and undamaged state to the entire satisfaction of the owner. There is no allegation in the amendment which obviates this requirement. Furthermore, the contract provided that the work should be completed within four months, and the petition shows that it was not completed within that time, and the amendment offers no reason or explanation for the non-performance of this stipulation of the contract. The time when final payment should be due had not been reached, according to any allegation of the amendment, because "final payment shall be due when the certificates of the engineers for the same are issued;" and it is not alleged that the certificate for the final payment had been issued by the engineers, nor is any sufficient reason given why the certificate had not in fact been issued.

This is a brief summary of the reasons wherein, in our opinion, the petition was insufficient (after amendment of the petition by the addition of the contract) to authorize a recovery in the proceeding to foreclose a lien, and why it was not germane to such a proceeding. In order to foreclose a lien, the plaintiff must show compliance with his contract, or a novation of the contract, or a waiver of the contract, amounting to such an estoppel as would prevent the defendant from setting up any of the stipulations of the contract by way of defense. "There can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed." *Deas* v. *Sammons*, 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124). A plaintiff can not set up a contractor's lien and recover thereon where the time when the final payment shall be due is stipulated in the contract, unless the time has arrived, the contract further stipulating that final payment should be due upon the completion of the work. And when it has been agreed that the

question as to when the final payment shall be due, and therefore the question as to when the work is completed, is left entirely to the engineer's certificate, the plaintiff has no cause of action unless the certificate has been obtained; certainly not unless the engineer has refused to give the certificate, or by some providential reason has been prevented from doing so, or unless such a waiver as would amount to an estoppel, as to the defendant's right to have the engineers determine when the work was completed, is shown. It does not appear that in this case the facts relied upon as waiver are sufficient to work an estoppel. The fact that the defendant offered to arbitrate the difference as to the value of the extra work done, or the character of the work as a whole, or even the question as to whether the work was completed and the final payment due, raised no waiver which precluded the defendant from insisting upon the certificate of the architect. The proposal was not a condition precedent, nor was it acted upon by the plaintiff. So far as appears from the plaintiff's petition, the proposal to arbitrate was refused, or at least ignored; for but little time elapsed between the proposal and the filing of the suit.

For the reasons briefly stated in the headnotes, it is plain that the petition failed to set forth a cause of action; and since the amendment should have been stricken and the action dismissed, what occurred on the subsequent trial was nugatory.

*Judgment reversed.*

---

### NOTE.

In the cases reported on pages 799 to 861 inclusive, the decisions antedate the other decisions in this volume, but the opinions were withheld for revision and were not ready for publication in earlier volumes.