## 63325. STARLING, INC. v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

CARLEY, Judge.

Appellant contracted to perform renovation work on some twenty houses owned by appellee. Under the terms of the express contract, appellant was to receive payment "in one lump sum upon the satisfactory completion of the work." "Satisfactory completion" was itself conditioned upon appellant's securing the certification of appellee's inspector and the approval of both appellee and the U. S. Department of Housing and Urban Development. Appellant was unable to complete thirteen of the houses within the original time limitations set forth in the contract. Nor was appellant able to tender the "satisfactory completion" of the thirteen houses within any extensions of time which he had been granted under the provisions of the contract authorizing such extensions. Under the express terms of the contract, appellee was authorized to terminate appellant's right to proceed with the work in the event that he had failed to complete it within the original time agreed upon or any extensions thereof. Pursuant to this provision of the contract, appellee exercised its option to terminate appellant's right to proceed with the work, thereby making it impossible for appellant to fulfill the "satisfactory completion" condition precedent to a recovery under the contract.

Appellant instituted the instant action against appellee, ostensibly to recover for breach of contract and to recover for such labor and materials as had been expended in connection with the uncompleted houses. The case came on for trial and, at the close of all the evidence, appellee's motion for directed verdict was granted. Appellant appeals.

1. "A stipulation in a building contract to the effect that the compensation of the builder shall be due and payable only on the certificate of a named engineer is a condition precedent, and an allegation of compliance with this condition is essential to the maintenance of an action brought to recover the unpaid balance of the compensation provided for in the contract . . ." *Southern Mfg. Co. v. R. L. Moss Mfg. Co.,* 13 Ga. App. 847 (2) (81 SE 263) (1909). However, "if the completion of the contract was prevented by the party otherwise having the right to insist on the . . . certificate, this is equivalent to completion of the contract as a remedial element. [Cits.]" *Gellis v. B. L. I. Const. Co.,* 148 Ga. App. 527, 535 (1) (251 SE2d 800) (1978).

Applying the aforesaid legal principles to the undisputed evidence in the instant case, we find that appellant's nonperformance of the contract, including the satisfaction of the condition precedent

to a recovery of the contract price, was "prevented" by appellee's termination of appellant's right to proceed with the project. However, the evidence further establishes that this action on the part of appellee was itself ultimately "caused" by appellant's failure to have the houses completed within the time agreed upon. While the contract provided that appellant's right to proceed would not be terminated because of delay occasioned by unforeseeable causes beyond his control, including "acts of [appellee]," and that, in such an event, an extension of time for completing the work would be granted if applied for in writing, the evidence establishes that appellant was, at the time his further performance was terminated, not working under such an extension and, indeed, had not applied for one. Thus, at the time that appellant's further performance under the contract was terminated, he was in breach of the contract. He was not working within the time period established by the original contract, any valid extension thereof or pursuant to any application for an extension thereof and under the evidence and the contract, appellant was "chargeable with the consequences of such delays." *Florida N. R. Co. v. Southern Sup. Co.,* 112 Ga. 1, 5 (37 SE 130) (1900). Appellee's right to terminate appellant's further untimely performance in these circumstances is indisputable under the express terms of the contract. See generally *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (8) (44 SE 320) (1903). Appellant's nonperformance of the contract was therefore not "caused" by any act or fault of appellee, but by appellant's own failure to complete the houses within any time limit agreed upon, a circumstance which resulted in appellee's contractually authorized termination of further performance. Accordingly, appellant's nonperformance, including the satisfaction of the condition precedent to recovery of the contract, is not "excused." See Code Ann. § 20-1104.

We find no error for any reason urged on appeal in the grant of a directed verdict to appellee insofar as appellant's asserted right to recover was premised upon the express contract between the parties and appellee's breach thereof. *Southern Mfg. Co.,* 13 Ga. App. 847, supra.

2. It was, however, error to grant a directed verdict to appellee insofar as a recovery for labor and materials was not premised upon the express contract existing between the parties. As discussed in Division 1 above, appellant's right to proceed under the contract and his consequent right to recover under the contract was extinguished when appellee exercised its option to terminate upon appellant's default in his contractual obligations. "Where there has been, in effect, a repudiation of a contract by both parties in that no contract ever existed, the contract ceases to be the criterion for measuring the

rights and liabilities between the parties to it, and work performed, even if not in conformance with the contract, if received and of benefit to the party receiving it, must be paid for at a sum equal to its value. [Cits.]" *Fonda Corp. v. Southern Sprinkler Co.,* 144 Ga. App. 287, 292 (4) (241 SE2d 256) (1977). See also *Adair Realty Co. v. Wellman,* 141 Ga. App. 101, 103 (2) (232 SE2d 571) (1977); *Brumby v. Smith & Plaster Co.,* 123 Ga. App. 443 (1) (181 SE2d 303) (1971). The evidence in the instant case eliminates the express contract as the criterion for measuring the rights and liabilities of the parties to it. It was the elimination of the express contract as the measure of the parties' respective rights and liabilities which apparently served as the basis for the trial court's grant of a directed verdict in favor of appellee. However, it was the very elimination of the express contract as the basis for a recovery which rendered quantum meruit an available remedy. See *Southern Mfg. Co.,* 13 Ga. App. at 858-859, supra. Our review of the transcript demonstrates that appellant's recovery in quantum meruit for the value of such material and labor as were received by and of benefit to appellee would not have been without any evidence to support it so as to demand a verdict for appellee on this theory of recovery. See generally *Maloy v. Ewing,* 157 Ga. App. 95 (276 SE2d 145) (1981). Accordingly, the trial court erred in directing a verdict for appellee insofar as appellant's right to recover in quantum meruit for the value of labor and materials was involved. The judgment is reversed for a new trial on the issue of appellant's right to a recovery in quantum meruit.

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JULY 7, 1982.

*John H. Ridley,* for appellant.
*Lenwood A. Jackson,* for appellee.