### 68312. STARLING, INC. et al. v. HOUSING AUTHORITY OF ATLANTA.

DEEN, Presiding Judge.

The appellant contracted to renovate 20 houses owned by the appellee, Housing Authority of the City of Atlanta. The appellant was unable to complete 13 of the houses within the time limitations agreed upon, and the appellee terminated the contracts and refused to pay the appellant for the alleged partial performance. The appellant then commenced this action, seeking to recover for breach of contract and to recover for his labor and materials expended on the uncompleted houses. At trial, the court directed a verdict for the appellee. In this case's initial appearance on appeal, this court affirmed direction of the verdict for the appellee on the breach of contract theory of recovery, but reversed on the basis that the appellant could still recover in quantum meruit. *Starling, Inc. v. Housing Auth. of Atlanta*, 162 Ga. App. 852 (293 SE2d 392) (1982).

Following the second trial, a jury returned a verdict of $27,000 for the appellant. The trial court, however, granted judgment for the appellee notwithstanding the verdict, on the basis that the appellant had failed to demonstrate the work performed and the benefit of that work to the appellee. Starling now appeals from that grant of judgment notwithstanding the verdict, as well as the trial court's exclusion of the appellant's claim for attorney fees. *Held*:

1. In this case's previous appearance before this court, we found that "review of the transcript demonstrates that appellant's recovery in quantum meruit for the value of such material and labor as were received by and of benefit to appellee *would not have been without any evidence to support it so as to demand a verdict for appellee on this theory of recovery.*" *Starling, Inc. v. Housing Auth. of Atlanta*, supra at 854. (Emphasis supplied.) We have compared the evidence adduced at the second trial with that developed at the first trial, and find that the evidence in both proceedings, with regard to the quantum meruit claim, was equivalent in all material aspects. Accordingly, this court's previous ruling that the evidence did not demand a verdict for the appellee on the quantum meruit theory of recovery is the law of the case, and the trial court erred in granting judgment for the appellee notwithstanding the verdict. OCGA § 9-11-60 (h), generally; *Goodyear Tire &c. Co. v. Johnson*, 120 Ga. App. 395 (170 SE2d 869) (1969).

2. The appellant contends that the trial court also erred in disallowing him to develop a claim for attorney fees based on the appellee's stubborn litigiousness. However, there clearly was no basis for such a claim in this case. A bona fide controversy existed as to the appellee's liability for services and materials provided by the appel-

lant on the uncompleted houses, and the appellant just barely met his burden of proof on the quantum meruit theory. Under the circumstances, a recovery for attorney fees would not have been authorized. See OCGA § 13-6-11, generally; *Nestle Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328 (265 SE2d 61) (1980); *Ga.-Car. Brick & Tile Co. v. Brown*, 153 Ga. App. 747 (266 SE2d 531) (1980).

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 8, 1984

*John H. Ridley, Jr.*, for appellants.
*Lenwood A. Jackson*, for appellee.