A95A2867. PETERS v. HYATT LEGAL SERVICES.
(469 SE2d 481)

POPE, Presiding Judge.

This is the second appearance of this legal malpractice, breach of contract, breach of fiduciary duty, breach of statutory duty case before this court. See *Peters v. Hyatt Legal Svcs.,* 211 Ga. App. 587 (440 SE2d 222) (1993). After a bifurcated trial, the jury awarded plaintiff Richard Peters $10,000 in nominal damages, $35,545.10 in attorney fees and expenses of litigation, and $175,000 in punitive damages against Hyatt Legal Services (Hyatt). The trial court granted Hyatt's motion for judgment notwithstanding the verdict on punitive damages, and Peters appeals.

Richard E. Peters brought suit against Hyatt, Hyatt attorney Linda Gross and Hyatt legal assistant and notary public Kasonya M. Storey for damages resulting from Hyatt's representation of Peters in an uncontested divorce action. Although defendant Gross died after Peters filed the complaint, she was aware that legal action had been threatened.

Peters and his former wife were married on July 2, 1986 and had one child. Both were enlisted personnel in the United States Army with Mr. Peters stationed in West Germany. In January 1988, Peters discovered his wife in bed with another man. Peters and his wife took steps to separate legally that same month. Counsel for Mrs. Peters in West Germany prepared a proposed settlement agreement which Mrs. Peters executed on June 24, 1988. However, Peters did not agree to the proposed terms and did not sign the agreement.

On October 14, 1988, Peters returned to the United States on military leave to obtain a divorce. He consulted Hyatt attorney Linda

Gross, paying $222.50, half the total fee for an uncontested divorce. Peters signed a fee agreement with Hyatt and signed his name on the signature line titled "client."[1] Peters returned to duty in West Germany and expected the paperwork would be sent to him within 30 days, and that he would then receive a bill for the balance of the fee. He testified he told Gross if she provided him with 30 days' notice he expected that he could obtain the military leave necessary to be present in court. When Mrs. Peters asked him about the status of the pending divorce, Peters provided her with the name and address of Gross. Although Peters told his wife he would send the remaining money to Hyatt, Mrs. Peters indicated to him she would satisfy the balance while she was in the United States later in the month. Peters testified he did not authorize his wife to consult with Gross, but only to pay the balance so the divorce could proceed.

In December 1988, Mrs. Peters paid the outstanding balance and Gross began representing her. Although Peters thought that Hyatt continued to represent him, Gross had no contact with him after his initial visit. Instead, Gross filed the complaint for divorce with Mrs. Peters as plaintiff on December 29, 1988, the day after Mrs. Peters went to Hyatt and paid the remainder of the fee. It is undisputed that the acknowledgment of service of the complaint dated December 29, 1988, contains a forged signature of Richard E. Peters, notarized by Kasonya M. Storey, a Hyatt employee. Nor is it disputed that the consent to final hearing dated December 29, 1988, witnessed by Linda M. Gross, the Hyatt attorney, contains a forged signature of Richard E. Peters.

The forged acknowledgment and forged consent were filed with the petition for divorce on December 29, 1988. A final judgment and decree was thereafter entered on January 31, 1989. After Peters discovered the divorce was final, he contacted Hyatt to find out what had transpired and Hyatt informed him that the file had been lost. Peters then obtained the paperwork directly from the court, discovered the forged signatures, and realized something was wrong.

1. Peters first contends that the trial court erred in granting j.n.o.v. on the issue of punitive damages. We agree.

(a) In *Peters v. Hyatt Legal Svcs.*, supra, we previously determined summary judgment was not appropriate on the issue of punitive damages because a question of fact remained concerning "whether Hyatt has injured Peters as a result of that 'entire want of care which would raise the presumption of conscious indifference to

---

[1] The Hyatt Legal Services Fee Statement provided, "When half the total attorney fee and costs is paid, we will complete preparation of the paperwork. When your account is paid in full, we will file the case. This is not binding until you make a payment. Your signature allows us to represent you after payment is made."

consequences.' OCGA § 51-12-5.1 (b). See generally *Powell v. Ferreira*, 198 Ga. App. 465 (402 SE2d 85) (1991)." *Peters*, 211 Ga. App. at 593 (3). Consequently, our previous decision was and is the law of this case. See *Starling, Inc. v. Housing Auth. of Atlanta*, 170 Ga. App. 858 (318 SE2d 728) (1984).

Hyatt contends this court's earlier ruling was not binding because the case was not in the same evidentiary and procedural posture. Hyatt presented a new witness, Scott Lang, who testified as to the audit procedure Hyatt utilized to discover internal problems. However, Lang was hardly a pivotal witness. He testified he did not directly supervise Gross and was not her managing attorney. Moreover, Lang's testimony failed to show that the so-called audit process detected the conflict problem at issue here.

(b) Even if we assume that the evidentiary and procedural posture had changed in a material way, in reviewing the grant of j.n.o.v. this court must construe the evidence in the light most favorable to the party who obtained the jury verdict. *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983). The standard of review is whether there is any evidence to support the jury's verdict. *Lee v. Newman*, 240 Ga. 483 (241 SE2d 241) (1978).

OCGA § 51-12-5.1 (b) provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or *that entire want of care which would raise the presumption of conscious indifference to consequences.*" (Emphasis supplied.)

Peters presented the following evidence of Hyatt's entire want of care from which the jury could have determined the evidence raised the presumption of conscious indifference to consequences. It is undisputed that the forged documents were at all times in Hyatt's sole custody and control. It is undisputed that Hyatt represented adverse parties in a divorce proceeding without obtaining the informed consent of both. Peters presented evidence of a conflict of interest and breach of fiduciary duty. Mrs. Peters testified that the Army Legal Center refused to represent both her and her husband. Hyatt's own expert testified he would not allow an attorney in his office to represent both parties to a divorce. Peters' expert testified Gross's conduct was "unethical," "improper," "illegal," and constituted a breach of her agreement with Peters. Peters' expert also claimed Gross had a duty to inform Peters of his case. Yet Peters testified that after he paid half the fee, Hyatt never sent him any paperwork or contacted him in any way. Peters also testified that when he returned stateside and contacted Hyatt he was told his file had been lost. Hyatt's employee, Storey, admitted she sometimes notarized documents without people signing in her presence, a violation of the statutory duty im-

posed by OCGA § 45-17-8 (e). No evidence was presented that Hyatt's so-called audit procedure properly detected the conflict problem. For the foregoing reasons, we reject Hyatt's contention that there was insufficient factual evidence to support an award of punitive damages.

Hyatt argues that neither dual representation nor witnessing the forging of Peters' signature supports the imposition of punitive damages because punitive damages are not allowed for violation of an ethical rule. *Allen v. Lefkoff, Duncan, Grimes & Dermer, P.C.*, 265 Ga. 374 (453 SE2d 719) (1995). However, Hyatt has distorted the holding of *Allen*. The Supreme Court held that *standing alone*, an alleged violation of the Code of Professional Responsibility or the Standards of Conduct cannot serve as a legal basis for a legal malpractice action. Moreover, evidence of even a potential conflict of interest is sufficient to raise a jury issue on punitive damages in a legal malpractice case. *Read v. Benedict*, 200 Ga. App. 4, 6 (2) (406 SE2d 488) (1991).

In order for a trial court to correctly grant a motion for j.n.o.v., there must be no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom demanding a certain verdict. *Hiers-Wright Assoc. v. Manufacturers Hanover Mtg. Corp.*, 182 Ga. App. 732 (2) (356 SE2d 903) (1987). In this case, construing the evidence in a light most favorable to the party who secured the jury verdict, we do not find that the evidence demands a verdict in Hyatt's favor. *B & C Tire &c. v. Cooper Tire &c. Co.*, 212 Ga. App. 228, 231 (441 SE2d 468) (1994). Accordingly, the trial court's granting of j.n.o.v. on the issue of punitive damages must be reversed.

2. Peters also contends that the trial court erred by not considering punitive damages in determining his entitlement to prejudgment interest pursuant to OCGA § 51-12-14. Peters argues that the exclusion of said interest violates the plain statutory language and claims that the issue of prejudgment interest on punitive damages has not been judicially determined.

We disagree. In *General Motors Corp. v. Moseley*, 213 Ga. App. 875, 889 (447 SE2d 302) (1994), this court held, "The purpose of prejudgment interest is to compensate the injured party for the delay in receiving money damages. [Cits.] Punitive damages, however, are intended to punish, penalize, or deter a defendant, [cit.]. It follows that awarding prejudgment interest on punitive damages would not further the purpose of OCGA § 51-12-14 (a)."

A plaintiff is only entitled to prejudgment interest under OCGA § 51-12-14 (a) if the judgment for compensatory damages is for an amount not less than the amount demanded. In this case, in his statutory letter, Peters demanded $85,000 and the jury awarded $10,000 nominal damages and $35,545.10 attorney fees and expenses of litigation. Peters was not entitled to prejudgment interest because the

amount demanded exceeded the amount the jury awarded, exclusive of punitive damages. *Moseley*, 213 Ga. App. at 889. Accord *Martin v. Williams*, 215 Ga. App. 649, 651 (451 SE2d 822) (1994).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 28, 1996 —

*Calabro & Jennette, Michael M. Calabro*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Judy F. Aust, Powell, Goldstein, Frazer & Murphy, Richard C. Mitchell, Kathlynn L. Butler*, for appellees.