A96A1801. CONDEELIS v. ABS ARTISTIC JEWELRY, INC.
(481 SE2d 539)

Judge Harold R. Banke.

George Condeelis sued ABS Artistic Jewelry, Inc. ("ABS") for breach of contract. After the jury awarded Condeelis over $187,000, ABS successfully moved for judgment notwithstanding the verdict. Condeelis enumerates two errors challenging the decision to grant that motion.

The record shows that the parties entered into a five-year commission sales contract in April 1989 in which Condeelis agreed to sell and distribute ABS' jewelry to consumers in the rent-to-own industry. In return, ABS agreed to pay Condeelis an "equal split of the gross profit (a minimum of a 10% split unless otherwise agreed upon) which ABS receives or [sic] as a result of Condeelis' efforts and contacts." The commissions were payable monthly, and ABS agreed to give Condeelis copies of all the invoices on which his commissions were based.

After working five months, Condeelis became concerned because he had not received any commissions. He wrote to ABS asking it to either comply with the contract or negotiate out of it. In days, ABS responded by sending a check for what it described as 50 percent of the profit. ABS also forwarded a number of invoices, noting some were unpaid. The record shows that ABS deducted a number of expenses, such as airfares and the cost of advertising and a fax machine, in determining the profit.

Condeelis subsequently received a second check from ABS which constituted a five percent commission off the top of total revenues. When Condeelis protested that he was entitled to 50 percent, ABS stated it could not afford to pay him more and he did not deserve more. Condeelis then commenced this action, alleging that ABS failed to pay the full amount of the commissions he earned and to forward him copies of the invoices. Held:

1. The trial court misapplied the law by granting the motion for j.n.o.v. for insufficient proof of damages. A j.n.o.v. is appropriate only when there is no evidentiary conflict on any material issue and the evidence adduced, with all reasonable deductions therefrom, demands a certain verdict. Peters v. Hyatt Legal Svcs., 220 Ga. App.

398, 401 (1) (b) (469 SE2d 481) (1996). The court must construe the evidence in the light most favorable to the prevailing party. Id. at 400.

The record shows that Condeelis calculated his damages for commissions not paid on contacts and sales at $201,417 by taking 15 percent of ABS' total invoices to rent-to-own jewelry stores he contacted and subtracting the $14,000 he was paid. Condeelis arrived at the fifteen percent figure by calculating a thirty percent markup in the wholesale price and then dividing by two, which reflected his fifty percent interest. Condeelis entered into the record the invoices on which this figure was based. Both he and ABS' president testified to the various contacts he had made for ABS.

Condeelis admitted that ABS' president denied that a 30 percent markup was used, but testified that he considered that figure a normal markup in the jewelry business and that the figure was also based on information he received from an ABS employee who did not testify at trial. This hearsay testimony was admitted not for its truth, but to show on what he based his opinion. Viewing the evidence in its entirety in the light most favorable to Condeelis, we cannot say it demanded an outcome contrary to the jury's award, which mirrored Condeelis' calculations.

2. The trial court committed reversible error by confusing net profit with gross profit. Gross profit is the difference between sales and the cost of goods sold before allowance for operating expenses and income taxes. Black's Law Dictionary, p. 633 (5th ed. 1979). Deducting all expenses gives net profit. Id. at p. 939; see *City of Fitzgerald v. Newcomer*, 162 Ga. App. 646, 648-649 (1) (291 SE2d 766) (1982). As noted, the contract called for Condeelis' commissions to be calculated from gross profit.

In its order granting the motion for j.n.o.v., the trial court held that to prove damages, Condeelis was required to establish the existence of profits by demonstrating that ABS' sales on the relevant accounts exceeded its expenses. It observed that " '[p]rofit is found by reducing revenues by the amount of *all* expenses.' [Cit.]" (Emphasis in original.) The court clearly hinged its conclusion that Condeelis failed to prove his damages on the fact that he offered no proof of ABS' expenses. However, in reaching this conclusion, the court cited no cases dealing with gross profit, despite the contract's stipulation. See, e.g., *Grossberg v. Judson Gilmore Assoc.*, 196 Ga. App. 107, 108 (2) (395 SE2d 592) (1990); *Fidelity Nat. Bank v. Wood*, 189 Ga. App. 109, 110 (2) (375 SE2d 228) (1988); *Silco, Inc. v. Gwinnett Hosp. Auth.*, 151 Ga. App. 634, 635 (260 SE2d 758) (1979). Instead, the court relied on cases involving anticipated profit and net profit, where evidence of expenses was crucial. See *Bass v. Carpenter*, 152 Ga. App. 298 (1) (262 SE2d 578) (1979) (lost profit figured as esti-

mated net profit); see Cobb & Eldridge, Ga. Law of Damages, § 2-8 (2d ed. 1984) (anticipated profits). Inasmuch as proof of expenses was unnecessary to prove gross profit and the jury properly used gross profit in calculating the damages, the j.n.o.v. was error. Consequently, the jury's verdict must be reinstated. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 422 (1) (249 SE2d 224) (1978).

*Judgment reversed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 22, 1997 —
RECONSIDERATION DENIED FEBRUARY 13, 1997 —

*Smith, White, Sharma & Halpern, Jonathan Goldberg*, for appellant.

*Schreeder, Wheeler & Flint, Lynn C. Stewart*, for appellee.