## A05A0762. SPRAYBERRY CROSSING PARTNERSHIP v. PHENIX SUPPLY COMPANY.
### (617 SE2d 622)

RUFFIN, Chief Judge.

A Fulton County jury awarded Sprayberry Crossing Partnership ("Sprayberry") $350,000 in an action against Phenix Supply Company ("Phenix") to recover for hazardous waste contamination of Sprayberry's property. The trial court granted Phenix's motion for judgment notwithstanding the verdict ("j.n.o.v.") on the grounds that proximate cause was not proven. Sprayberry appeals, and for the reasons that follow, we reverse.

On appeal, we determine whether, construing the evidence in a light most favorable to the party who obtained the jury verdict, there is any evidence to support the verdict.[1] If there is any evidence to support the jury's verdict, we must reverse the grant of j.n.o.v.[2]

Viewed in that light, the evidence at trial showed that Sprayberry owns a shopping center listed on the Georgia Hazardous Site Inventory. The shopping center's soil and groundwater were contaminated with perchlorethylene ("perc"), a dry cleaning solvent. Multiple small spills, totaling between a half gallon and ten gallons of perc, caused the contamination. Phenix was, since the late 1970s, the sole supplier of perc to a dry cleaning facility in the shopping center. During Phenix's monthly deliveries to the cleaners, perc would routinely leak from Phenix's trucks into the parking lot of the shopping center. A stream of perc would run from the truck through the shopping center parking lot. Phenix's delivery personnel also spilled perc inside the dry cleaners. Sprayberry's expert witness stated that it was likely that leaks from Phenix's delivery trucks contributed to the perc

---

[19] See *Sims,* supra.
[1] See *Peters v. Hyatt Legal Svcs.,* 220 Ga. App. 398, 400 (1) (b) (469 SE2d 481) (1996).
[2] See id. at 401 (1) (b).

contamination at the shopping center. As a result of the perc contamination, Sprayberry has incurred cleanup costs in remediating the shopping center, and will continue to incur costs in the future.

Sprayberry sought to recover from Phenix under the Georgia Hazardous Site Response Act ("HSRA")[3] and on other theories, including nuisance and trespass. The jury returned a general verdict of $350,000 for Sprayberry. Phenix, which put on no evidence at trial, filed a motion for j.n.o.v., and the trial court granted the motion in a one page order, finding that "there is no conflict in the evidence as to any material issue, specifically the issue of proximate cause."

1. Sprayberry contends that the trial court erred in granting Phenix's motion for j.n.o.v. because there was sufficient evidence to show that Phenix's spilling of perc proximately caused harm to Sprayberry. A property owner may bring an action for nuisance and trespass against one who contaminates his property with a hazardous substance.[4] These are tort claims, which require a showing of proximate cause.[5] The existence of proximate cause is a question of fact for the jury, "except in palpable, clear, and indisputable cases."[6] Proximate cause is not necessarily "the last act or cause, or the nearest act to the injury, but such act [that has] actively aided in producing the injury as a direct and existing cause."[7] And, "[t]here may be more than one proximate cause of an injury."[8]

The injury alleged here is the contamination of the shopping center property with perc. The evidence shows that Phenix spilled perc in the parking lot and inside the dry cleaners. While there was testimony that actions of the dry cleaning business may also have contributed to the contamination, there was evidence from which the jury could conclude that Phenix spilled perc on many occasions and thus contributed to the contamination of the shopping center, even if Phenix's spillage was not the sole cause of the contamination.[9]

---

[3] OCGA § 12-8-90 et seq.

[4] See *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 728 (426 SE2d 387) (1992); *Shealy v. Unified Govt. of Athens-Clarke County*, 244 Ga. App. 853, 858-859 (537 SE2d 105) (2000).

[5] See *City Council of Augusta v. Booker*, 229 Ga. App. 566, 567 (1) (494 SE2d 374) (1997) (physical precedent only) (nuisance claim requires showing of proximate cause of injury); *Standard Oil Co. v. Mt. Bethel United Methodist Church*, 230 Ga. 341, 344-345 (6) (196 SE2d 869) (1973) (trespass claim requires showing of proximate cause).

[6] (Citation and punctuation omitted.) *Atlanta Affordable &c. Partnership v. Brown*, 253 Ga. App. 286, 288 (2) (558 SE2d 827) (2002).

[7] (Citations and punctuation omitted.) *Milton Bradley Co. of Ga. v. Cooper*, 79 Ga. App. 302, 308 (53 SE2d 761) (1949).

[8] (Citation omitted.) *Dept. of Transp. v. Blair*, 220 Ga. App. 342 (1) (469 SE2d 446) (1996).

[9] Compare *City of Albany v. Pippin*, 269 Ga. App. 22, 23-25 (602 SE2d 911) (2004) (court correctly found that proximate cause did not exist where there was affirmative evidence that

Therefore, the trial court erred in finding that there was insufficient evidence to establish causation and in granting Phenix's motion for j.n.o.v.[10]

2. Sprayberry also alleges that the trial court erred in granting a j.n.o.v. based on lack of evidence of proximate cause because the HSRA does not require proof of proximate cause. The question of whether the HSRA requires proof of proximate cause is an issue of first impression in Georgia. Pretermitting whether the HSRA requires proof of proximate cause, because we held in Division 1 that there was sufficient evidence that Phenix proximately caused harm to Sprayberry's property, we need not reach this issue.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JULY 12, 2005.

*Troutman Sanders, Eric A. Szweda, Leonard M. Garside II, Douglas A. Henderson, Steven J. Hewitson,* for appellant.
*Kilpatrick Stockton, Richard A. Horder, Jill Warner,* for appellee.

---

defendant did not cause contamination of property).

[10] See *CSX Transp. v. Snead,* 219 Ga. App. 491, 494 (1) (465 SE2d 690) (1995).