27789. PAL THEATRE INCORPORATED *et al. v.* TARVER.

DECIDED OCTOBER 21, 1939.

*Lankford & Rogers, Dekle & Dekle,* for plaintiffs in error.
*Fleming & Fleming, L. P. Strickland,* contra.

FELTON, J. At the November term, 1938, the judge of the superior court of Jenkins County passed an order in this case overruling the demurrers to the petition as amended. Due to a misunderstanding as to notice having been given to counsel for the defendants of the overruling of the demurrers, it was agreed by counsel that the court vacate the order, which was done at the May term, 1939, of the court, and another similar order was passed overruling the demurrers to the petition. The agreement was undoubtedly made subsequently to the term at which the first order was passed; otherwise there would have been no necessity to change the status of the case by vacating the first order, because notice would have been in time for the appeal. However commendable the conduct of counsel may have been in their willingness to see that opposing counsel had opportunity to appeal, under the circumstances this court is without jurisdiction to consider the case, for the reason that the lower court lost jurisdiction, so far as the passing upon the demurrers was concerned, after the term at which the order was passed and the parties could not confer jurisdiction upon the court, by agreement. Code, § 24-112; *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822); *Gulf Life Insurance Co.* v. *Gaines,* 50 *Ga. App.* 504 (179 S. E. 199). It is incumbent upon parties and their attorneys to keep themselves apprised of everything which takes place with respect to their pending cases, and the failure to do so will not authorize the court to change at a subsequent term a final order passed at a preceding term. *McCandless* v. *Conley,* 115 *Ga.* 48, 51 (41 S. E. 256). The question would be different if a motion to vacate had been made at the preceding term. Under the record the final order was passed on November 30, 1938, and the bill of exceptions was certified on May 24, 1939, more than thirty days from the final order; and this court having no jurisdiction, the writ of error will be dismissed. While we are cognizant of the rule

announced in the dissenting opinion as to the proper way to dispose of a case where it appears the trial court did not have jurisdiction, it seems to us true that an appellate court has inherent power to render a judgment which will accomplish the result desired. Under the circumstances of this case the desired result is to declare void and of no effect the last judgment overruling the demurrers, and the dismissal of the writ of error is the simplest and the least confusing.

With reference to our learned colleague's dissent on the question of jurisdiction, we are of the opinion that he is in error in the statement of his major premise. What we mean by jurisdiction of the subject-matter is jurisdiction *at the time it is sought to be exercised*. A court may be said to have jurisdiction of a certain matter, but it certainly would not until a petition was filed. It was held in *Seigler* v. *Seigler*, supra, that a superior court has no jurisdiction to render a judgment for permanent alimony until the time comes for the exercise of that jurisdiction. It follows that if jurisdiction may not be given by consent before the time is ripe for jurisdiction to attach, it may not be given by consent after the time for exercising jurisdiction has expired. It seems that the decision in *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790) settles the issue here involved.

*Writ of error dismissed. Sutton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. The necessary effect of the ruling in the majority opinion is that the second judgments overruling the defendants' demurrers to the petition are void for lack of jurisdiction in the court to render the judgments. In the majority opinion it is held that the orders of the judge vacating the former judgments on the demurrers are void for lack of jurisdiction in the court to render such judgments subsequently to the term at which the first judgments overruling the demurrers were rendered. If the orders vacating the former judgments are void for lack of jurisdiction in the court to pass such orders, of course the subsequent judgments of the court overruling the demurrers, and as now complained of, are necessarily invalid. If the judgments complained of, that is the second judgments overruling the demurrers, are invalid for lack of jurisdiction in the court to render them, as is necessarily held in the majority opinion, this court, on exception to

these judgments, should not dismiss the bill of exceptions, but on the other hand should reverse the judgments. In *Cutts v. Scandrett*, 108 *Ga.* 620 (34 S. E. 186), the Supreme Court held: "When in its consideration of a case this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, that judgment will be reversed." In *Pope* v. *Jones*, 79 *Ga.* 487 (4 S. E. 860), the Supreme Court held: "Where the court below entertains a suit of which it has no jurisdiction and acts thereon, the bill of exceptions complaining of the judgment of that court will not be dismissed, but the judgment will be reversed; but where the court below has no jurisdiction and refuses to act, a bill of exceptions based upon such refusal will be dismissed." In *Western Union Tel. Co.* v. *Cooper*, 2 *Ga. App.* 376 (58 S. E. 517), Judge Russell, speaking for the Court of Appeals, stated: "A suit in a court having no jurisdiction of the subject-matter is a nullity, and when it appears from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, that judgment will be reversed, although the point may not have been raised in the lower court," citing *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38), where it was held: "When this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." Therefore it seems that if the judgments complained of in the present bill of exceptions were void for the reason that the court which rendered them had no jurisdiction of the subject-matter, it is the duty of this court to reverse these judgments, rather than dismiss the bill of exceptions.

I do not concur in the conclusion of my colleagues that the judgments complained of, overruling the demurrers to the petition, or the judgments vacating the former judgments overruling the demurrers, are void for lack of jurisdiction in the court to render them. While it is true, as provided in the Code, § 24-112, that "Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit," it is also stated in the next sentence that "It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice third persons." Under the provisions of this section,

assuming that the court had no jurisdiction at the subsequent term to pass the order vacating the orders overruling the demurrers rendered at the former term, it would seem that this lack of jurisdiction may be waived by consent of both parties in so far as their rights alone are concerned. Therefore it would seem to follow, that, whether or not the court had jurisdiction, in a technical sense, to enter the orders vacating the former judgments on the demurrers, the parties waived this lack of jurisdiction by consenting to the rendition of the orders, and, having so consented and waived the lack of jurisdiction, are at least estopped from attacking the validity of the orders on the ground that the court had no jurisdiction. Therefore either party is estopped from availing himself of any lack of jurisdiction in the court to render the second judgments on the demurrers, and from attacking the validity of the judgments rendered at the subsequent term.

Any lack of "jurisdiction," so called, in the court to pass an order at a subsequent term vacating an order rendered at a former term, is not a lack of jurisdiction of the subject-matter. Assuming that parties can not by consent give to the court jurisdiction of the subject-matter, they can, where the court has jurisdiction of the subject-matter, by consent authorize or give jurisdiction to the court to pass valid rulings and judgments binding upon the parties which otherwise, under some rule of law, as the one invoked in this case, the court would be powerless to perform. As stated in 15 C. J. 734, § 35: "Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action." Applying this test, the trial court, at the term subsequent to the term at which the original judgments and orders were vacated, had jurisdiction of the subject-matter, although it had no "jurisdiction," without perhaps by consent of the parties, to vacate the former judgments. The subject-matter was the suit pending in the court upon an action in tort. Of this class of cases the court had jurisdiction. It therefore had jurisdiction of the subject-matter. In fact in the present case the suit was still pending at the subsequent term when the orders to vacate were passed, and the second judgments overruling the demurrers were rendered. The court still had jurisdiction of the case. If the original judgments overruling the demurrers remained in the breast

of the court until the end of the term at which these judgments were rendered, they merely left the breast of the court at the expiration of the term of the court, and at the subsequent term of the court these judgments were not in the breast of the court. It does not follow that because these judgments had left the breast of the court at the expiration of the first term, and were not in the breast of the court at the subsequent term, the court at the subsequent term had no jurisdiction of the subject-matter, and could not by consent of the parties concerned render a valid and binding order vacating the judgments on the demurrers which had been rendered at the previous term of court. At the subsequent term the court had not lost jurisdiction of the subject-matter. The objection that the orders vacating the judgments on the demurrers and the judgments on the demurrers rendered subsequently thereto were invalid, because the court at the subsequent term at which these orders and judgment were rendered had no jurisdiction of the subject-matter, is without merit.

It is stated in 1 Black on Judgments (2d ed.), § 154: "The rule which prevents the court from interfering with its judgments after the term does not apply to such action as may be taken in that behalf with the consent of the parties concerned, or at their request," citing decisions from Illinois. In 34 C. J. 219, it is stated: "But other courts hold that although a court can not amend or vacate its own final judgments after expiration of the term at which they were rendered, without the consent of both parties, it may do so with such consent, and the second judgment in such cases is not void for want of jurisdiction. Parties who consent to the amendment of a judgment are estopped from afterward objecting to it." In support of the text cases are cited from Alabama, California, Illinois, Nebraska, North Carolina, Ohio, Oklahoma, Pennsylvania, South Dakota, Texas, and Wisconsin. In the following cases it was held, that notwithstanding a court has no power, or has no "jurisdiction," at a subsequent term of court, to vacate an order or judgment passed at a former term, this rule did not apply where the parties to the case voluntarily submitted to the "jurisdiction" of the court at the subsequent term and requested that the former judgment be vacated and set aside: Hewetson v. Chicago, 172 Ill. 112, 49 N. E. 992; Sheridan v. Chicago, 175 Ill. 421, 151 N. E. 898; Cooney v. Bonfield, 172 Ill. App. 657.

822

It appears from the record that both parties consented to and acquiesced in the judgments vacating the former judgments on the demurrers, and in the validity of the judgments complained of overruling the demurrers. The exception here is to the judgments overruling the demurrers rendered at the subsequent term of court. There are no exceptions, anywhere in the record, to the judgments vacating the former judgments rendered at the former term of court. Nor does the record show that any exception was ever taken by either party to these orders. These parties should be bound by their acts. The judgments of the court setting aside and vacating the former judgments overruling the demurrers, which were rendered at the instance and by the consent of both parties to the case, should be treated to all intents and purposes as valid, and the judgments subsequently rendered, overruling the demurrers, should likewise be treated as valid, and not as invalid for lack of jurisdiction in the court to render them. This seems to be in accordance with the weight of authority. It certainly comports with a fair and just administration of justice. I therefore conclude that the judgments overruling the demurrers to the petition are valid and should be passed upon on the merits. I am of the opinion that this court has jurisdiction to entertain the bill of exceptions. Therefore I dissent from the judgment of dismissal.