34376, 34420. AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al. v.* SATTERFIELD; and *vice versa.*

DECIDED APRIL 22, 1953—REHEARING DENIED JUNE 12, 1953.

*Burt DeRieux, Marshall, Greene, Baird & Neely,* for plaintiffs in error.

*Isaac C. Adams,* contra.

WORRILL, J. ■ The Judge of the Superior Court of Whitfield County, on May 7, 1952, entered an order on the appeal of the claimant, reversing the finding and award of the State Board of Workmen's Compensation denying compensation. That order directed the board to enter an award in favor of the claimant and against the employer "for the aomunt of compensation and medical expenses authorized by the record in this case." On September 15, 1952, the employer and insurance carrier filed a motion in that court to vacate and set aside the order of May 7. The judge signed a rule nisi thereon, which was served on the claimant. The claimant, Satterfield, filed demurrers to that motion. The judge of the superior court entered three orders in the case, which were complained of in exceptions pendente lite and in the cross-bill of exceptions, and which were as follows: (1) He overruled the demurrers of the claimant to the

motion to vacate and set aside. (2) He sustained an oral motion to strike the claimant's traverse and response to the motion to vacate and set aside. And (3) he entered an order vacating the judgment of May 7, 1952, as prayed in the motion of the employer and insurer.

The defendant in error in the cross-bill of exceptions moves to dismiss the cross-bill on the ground that the errors complained of therein are not properly raised by the cross-bill, but should have been the subject matter of a direct bill of exceptions; and it is further contended that the cross-bill cannot be treated as a direct bill because the rulings and orders complained of therein were entered more than twenty days prior to the tender of the cross-bill to the trial judge.

This motion is without merit. The plaintiff in the appeal below was not bound to file direct exceptions to the ruling on the demurrers, but could file exceptions pendente lite and abide the final results of the appeal, which, if favorable to him, would have rendered the ruling on the demurrers harmless unless the defendants in the appeal chose to file their exceptions to the final order. This, of course, is what the defendants did, and under such a state of facts it was perfectly proper for the plaintiff or claimant to assign error in a cross-bill of exceptions on his exceptions pendente lite after the defendants had filed their main bill of exceptions. The plaintiff having filed exceptions pendente lite, the ruling on the demurrer became a pendente lite ruling and no direct bill of exceptions would have been in order. *Smith v. Barksdale,* 199 *Ga.* 723 (35 S. E. 2d 149); *Clements v. Hollingsworth,* 202 *Ga.* 684 (44 S. E. 2d 381). As to the other rulings complained of, they were clearly of an interlocutory nature, and no direct bill of exceptions to those rulings would have been proper. *Johnson v. Battle,* 120 *Ga.* 649 (48 S. E. 128).

■ The basis of the motion to vacate and set aside the order and judgment of May 7, 1952, was that for approximately thirty years it had been the uniform practice and procedure throughout the State of Georgia, and particularly in the Cherokee Judicial Circuit, for the trial judge or the clerk of the superior court to notify counsel for the parties of the decisions of the court on appeals, and that on this particular occasion it was the agreement and understanding between counsel and the court that the

court would notify counsel when the decision was rendered in this case; but that counsel did not learn of the judgment of May 7 until August 20, after the April term of court had ended and when it was too late to appeal therefrom. The claimant demurred to the motion, one of the grounds being that it failed to state facts justifying the setting aside of the previous order. The judge of the superior court overruled the demurrers to the motion and entered an order setting aside the order and judgment of May 7, 1952. This latter order reads in part as follows:

"When the appeal was argued before the court in Calhoun, Georgia, on September 26, 1951, the court, when taking the case under advisement stated to counsel that, when a judgment was rendered on the appeal, the attorneys would be notified of such judgment, and

"The court feels that the ends of justice can be served only by setting aside the judgment of May 7th, 1952, and entering a new judgment on said appeal. The court having stated to counsel that they would be notified of the court's ruling on said appeal and it being established to the satisfaction of the court that while counsel for appellant was furnished with a copy of the judgment of May 7th, 1952, that counsel for appellee were not notified of such judgment, and the court being of the opinion that counsel for appellees was not negligent in relying upon the statement of the court, the court sustains said motion and sets aside the judgment of May 7, 1952."

Thereafter the court entered a new order reversing the finding of the State Board of Workmen's Compensation and ordering that board to enter a final award in favor of the claimant, said order being in the same language as the previous order but dated September 23, 1952. The defendants filed their direct bill of exceptions to that order, and by cross-bill of exceptions the claimant assigns error on its exceptions pendente lite.

It is a principle so well established as to admit of no doubt that a trial court cannot, after the term at which a judgment or order is entered, set aside, alter, amend, or revoke its final judgment or order except for defects appearing on the face of the record. *McCandless* v. *Conley*, 115 *Ga.* 48 (41 S. E. 256); *Miraglia* v. *Bryson*, 152 *Ga.* 828 (111 S. E. 655); *Rogers* v. *Rigell*, 183 *Ga.* 455 (188 S. E. 704); *Crowell* v. *Crowell*, 191 *Ga.* 36 (11

S. E. 2d 190); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537, 556 (34 S. E. 2d 811); *Harper* v. *Mayes,* 208 *Ga.* 766 (69 S. E. 2d 573); *Haddon* v. *Brinson,* 39 *Ga. App.* 798 (148 S. E. 541); *Frazier* v. *Beasley,* 59 *Ga. App.* 500 (1 S. E. 2d 458). The only exception to· this rule is where the motion or petition to set aside or arrest the judgment was filed at the term at which the judgment or order was rendered and regularly continued to a succeeding term. After the expiration of the term at which the order or judgment was entered, the court has no discretion which it can exercise in connection therewith.

It is likewise a well-established rule that counsel and the parties to a cause must keep themselves informed as to the progress of their case and no excuse will avail them if they permit a right to lapse or a judgment to go by default through their simple negligent failure to apprise themselves of the court's actions in connection with their cases; and the mere fact that the trial judge orally promises in open court to notify counsel or the parties when a decision is rendered in their case does not relieve them of this primary duty or furnish sufficient grounds for the trial judge's setting aside or vacating the order or judgment at a subsequent term if he fails so to notify the aggrieved party after rendering such a decision. *Donaldson* v. *Roberts,* 109 *Ga.* 832 (35 S. E. 277); *McCandless* v. *Conley,* supra (at p. 51); *Gulf Life Ins. Co.* v. *Gaines,* 50 *Ga. App.* 504 (179 S. E. 199); *Pal Theatre* v. *Tarver,* 60 *Ga. App.* 817 (5 S. E. 2d 277). Under the rules announced in the cases cited, the judge of the superior court had no jurisdiction to enter any order in this case after the expiration of the April term of the court, the term at which the order of May 7 was entered, and it follows that the order vacating and setting aside that previous order and judgment was erroneous.

It follows that all that transpired thereafter was nugatory, and that the question thus raised by the cross-bill of exceptions is controlling of the case and makes a decision of questions raised on the main bill of exceptions unnecessary.

*Judgment on. the cross-bill of exceptions reversed. Main bill of exceptions dismissed. Sutton, C. J., and Felton, J., concur.*