### 42511.   DeFEE v. I. S. BERLIN PRESS, INC.

DEEN, Judge. 1. A motion to dismiss the appeal is based on the fact that the notice of appeal was filed August 9, 1966, and the transcript of the record was not forwarded by the Clerk of the Civil Court of Cobb County to this office until November 14, 1966. While *Code Ann.* § 6-808 (Ga. L. 1965, pp. 18, 28 as amended) requires that the clerk forward a copy of the record to this court within 15 days from the filing of the notice of appeal, it is further stipulated that where he is unable to do so "he shall attach his certificate attesting to the cause of the delay, and the appeal shall not be dismissed." The certificate of the clerk contains the following: "The delay in transmitting this record is not due to any fault on the part of the counsel for the appellant, but to the stress of business in this office." It further appears from *DeFee v. Williams,* 114 Ga. App. 571 (151 SE2d 923) that the appellant

brought a mandamus action against the clerk for the purpose of procuring the record, which was forwarded in compliance with the mandamus absolute granted by this court. No laches on the part of the appellant appears, as was the case in *Davis v. Davis*, 222 Ga. 579 (151 SE2d 123). The motion to dismiss the appeal is denied.

2. Enumerations of error 1, 2, 3, 4, 5, 6, and 20 complain of matters relating to the following action by the trial court: on August 24, 1965, the trial court entered an order which "overruled and dismissed" general and special demurrers to the defendant DeFee's answer and cross action. On January 25, 1966, following an affidavit filed by plaintiff's attorney on September 13 and an order setting the case for hearing dated September 29, the court set aside the order of August 24 and sustained certain special demurrers to the answer with leave to amend. On the defendant's refusal to amend, a final order dated March 10, 1966, was entered striking parts of the answer and all of the cross action. The Act creating the Civil and Criminal Court of Cobb County (Ga. L. 1964, p. 3211 et seq.) specifies that the first Monday of each month shall begin a new term of court. The orders sustaining the demurrers, vacating the first award, setting the case for hearing, and the affidavit on which they were based were all filed at a term of court subsequent to the August, 1965, term at which the demurrers were overruled. "An order revoking a ruling on demurrers to pleadings entered at a previous term is erroneous. *General Tire Service Co. v. Carlisle*, 84 Ga. App. 288 (66 SE2d 161)." *Barrow v. Ga. Lightweight &c. Co.*, 103 Ga. App. 704 (7), 713 (120 SE2d 636), and see *American Mut. Liab. Ins. Co. v. Satterfield*, 88 Ga. App. 395, 398 (76 SE2d 730); *Pal Theatre v. Tarver*, 60 Ga. App. 817 (5 SE2d 277). It was error for the court at a subsequent term to sustain the demurrers and dismiss the defendant's cross action.

3. The plaintiff corporation brought an action on open account against the defendant Larry DeFee "individually and doing business as Aerial Surveys, also known as Aerial Surveyors." Invoices attached to the petition were billed out in both trade names. There was proof that the defendant purchased the goods in question, and no plea of misnomer was filed. "An individual who is doing business in a trade name can, in such trade name, sue and be sued, especially where the suit relates

to the business conducted in that name. If the name in which suit is brought is not in fact the plaintiff's trade name, the question should be made by a plea of misnomer." *Charles v. Valdosta Foundry &c. Co.*, 4 Ga. App. 733 (2) (62 SE 493). The enumerations of error numbered 7, 9, 11 and 21 which complain of rulings of the court allowing the plaintiff to prove that the names Aerial Surveys and Aerial Surveyors referred to orders made by the plaintiff as an individual are without merit.

4. A number of the remaining enumerations of error involve the granting of the supersedeas bond referred to in *DeFee v. Williams*, 114 Ga. App. 571, supra, are now moot. Others relating to the instructions given by the court to the jury fail to comply with *Code Ann.* § 70-207 (a). The remainder are also without merit, most of them being merely amplifications of the general grounds of the motion for a new trial.

*Judgment of the trial court is reversed for reasons set out in the second division hereof. Frankum, P. J., and Quillian, J, concur.*

ARGUED JANUARY 9, 1967—DECIDED JANUARY 25, 1967—REHEARING DENIED FEBRUARY 13, 1967▮

Larry DeFee, *pro se.*

*Lipschutz, Macey, Zusmann & Sikes, Robert A. Elsner,* for appellee.