45713.   MOZLEY et al. v. DEVORE et al.

DEEN, Judge. 1. Appellants enumerate error on the court's rulings (1) denying their oral motion to dismiss the motion of appellee (garnishee) to set aside a judgment, (2) the order setting aside the judgment against the garnishee, and (3) the order denying appellants' subsequent motion for summary judgment against the garnishee. The motion to dismiss was properly overruled because the motion to set aside the judgment was filed at the same term of court at which the judgment was entered and was therefore within the sound legal discretion of the trial court.

*Hall v. First Nat. Bank of Atlanta,* 87 Ga. App. 142 (73 SE2d 252).

2. *Code* § 46-307 relating to the filing of a traverse to a garnishment provides that, if the garnishee, his agent or his attorney of record be inaccessible, notice of the traverse shall not be necessary "But in all other cases any judgment taken against the garnishee without service of such notice of traverse shall be void." The motion to set aside is based on the allegation that notice of the traverse was served only on a "Mr. Wheeler" who was not the garnishee, his agent or attorney, and that the garnishee received no other service or notice of the filing of the traverse or the subsequent hearing until after judgment had been rendered. These facts, if established, would of course render all proceedings after the filing of the answer completely void.

This case is complicated by the fact that appellants, pending an attachment against DeVore, garnished "General Apartment Company" by leaving the summons with a Mr. Wheeler on a job site of "General Apartment Company." Thereafter "General Apartment Company" answered not indebted, the affidavit being signed by "F. H. Kilgore, Jr., President." In the sworn motion to set aside, however, Kilgore asserts that "General Apartment Company" is not a corporation but his personal trade name properly registered as such, and that he might have been served at listings in the telephone directory under either "F. H. Kilgore, Jr.," or "General Apartment Company," being thereby available for service, but that Wheeler is not his agent and he had in fact no knowledge of the traverse or the hearing thereon. It is well established that an individual may be sued under his trade name, especially in regard to business carried on in such name, and that the judgment against him in the trade name will be good. *Charles v. Valdosta Foundry &c. Co.,* 4 Ga. App. 733 (2) (62 SE 493); *DeFee v. I. S. Berlin Press,* 115 Ga. App. 206 (3) (154 SE2d 452); *Eslinger v. Herndon,* 158 Ga. 823 (4) (124 SE 169). The question is not the name in which the garnishee Kilgore was sued but whether Wheeler, upon whom the notice of traverse was served, was in fact his agent at the time of that service. The trial court did not abuse its

discretion in setting the judgment aside so that the validty of the service upon which the validity of the judgment finding the garnishee indebted depends, could be inquired into. This being a question of fact, it was further proper to deny the judgment creditor's motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*
ARGUED OCTOBER 8, 1970—DECIDED NOVEMBER 18, 1970.

*George G. Finch,* for appellants.
*Sutherland, Asbill & Brennan, James L. Smith, III,* for appellees.