60323. HANNA CREATIVE ENTERPRISES, INC. v. ALTERMAN FOODS, INC.

CARLEY, Judge.

Plaintiff-appellee, Alterman Foods, Inc., d/b/a Alterman Brothers, brought the present action against defendant-appellant, Hanna Creative Enterprises, Inc., d/b/a The Original Pizzaman to recover the alleged balance due on an open account. The defendant filed a general answer, denying any indebtedness.

The case was heard by the trial court without a jury and the plaintiff was awarded judgment in the amount of $8,793.64. Defendant filed a motion for new trial on the general grounds which was later amended so as to assign error on the admission of certain evidence. The motion for new trial, as amended, was denied and defendant appeals.

1. Defendant contends that the trial court erroneously determined that the evidence was sufficient to show that defendant purchased and used certain merchandise furnished by plaintiff. Specifically, defendant argues that the entity to whom credit had been extended under the open account sued upon was either the Original Pizza at 2923 NE 20th Way, Gainesville, Florida or the Original Pizza d/b/a Atlanta Pizza, Inc. at 3609 Roswell Road, Atlanta, Georgia.

Findings of fact made by a trial court in non-jury cases are given the same weight as a verdict in jury cases, and will not be set aside on appeal unless they are shown to be clearly erroneous or wholly

unsupported by the evidence. *Lamas v. Baldwin,* 140 Ga. App. 37 (230 SE2d 13) (1976); *Allison v. Fulton-DeKalb Hosp. Auth.,* 245 Ga. 445 (2) (265 SE2d 575) (1980); *Mullins v. Oden & Sims Used Cars,* 148 Ga. App. 250 (251 SE2d 65) (1978); Code Ann. § 81A-152. "Concomitant with this principle is the directive that 'After judgment every presumption and inference favors it and the evidence must be construed to uphold rather than to destroy it. (Cit.)' *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607). Thus, in considering arguments concerning the fact findings we can not disturb the judge's findings and judgment absent some error of law. [Cit.]" *Kingston Dev. Co. v. Kenerly,* 132 Ga. App. 346, 349 (208 SE2d 118) (1974).

Although the proceedings in the trial court were not reported, the parties have submitted a stipulation of the evidence adduced at the trial of the case and the same has been approved as required by law. Code Ann. § 6-805 (i). Our review of the stipulated evidence reveals that Mr. Joe Hanna is the registered agent of the defendant corporation and that plaintiff did submit bills and letters relative to the open account to Mr. Hanna at the address of defendant. Also, there is evidence that defendant made periodic payments on the account. While the testimony of plaintiff's credit manager and the documentary evidence introduced on plaintiff's behalf show that the food supplies in question were sold to or that credit relative thereto was extended to an entity identified as The Original Pizza and whose address was listed alternatively as 2923 NE 20th Way, Gainesville, Florida, and 3609 Roswell Road, Atlanta, Georgia, there is also evidence that some of the supplies were shipped to the defendant, Hanna Creative Enterprises, Inc. d/b/a The Original Pizzaman, at the same address as given for the Original Pizza. Although in some conflict, there is sufficient evidence from which the trial court could find that the two entities are one and the same and that the defendant is the party to whom credit was extended. Cf. *Hale v. Parmenter Ins. Agency,* 150 Ga. App. 76 (256 SE2d 623) (1979). See also *DeFee v. I. S. Berlin Press,* 115 Ga. App. 206 (3) (154 SE2d 452) (1967). Accordingly, this enumeration is without merit.

2. During the course of pre-trial discovery defendant propounded interrogatories which called for the identification of all documentary evidence which plaintiff relied upon in support of the allegation of indebtedness. Plaintiff responded by attaching to its answers to the interrogatories various invoices and other documents. At trial plaintiff offered for admission into evidence a demand letter dated June 27, 1978, written by plaintiff's credit manager to defendant and on the face of which was the handwritten reply allegedly of Joe Hanna, president of defendant, acknowledging the indebtedness in question. At the time that this letter was offered

defendant objected and moved for mistrial, contending that it was "surprised" by the letter because it had not been included, listed or otherwise identified in the answer to the interrogatory concerning documentary evidence. Although the trial judge apparently sought to reserve judgment on the motion for mistrial, he effectively denied it by receiving the letter into evidence and relying upon its existence as one of the only four findings of fact underlying the entry of judgment in favor of the plaintiff. Paragraph three of the trial court's findings of fact states: "A letter written by Plaintiff to Joe Hanna, President of Defendant corporation was returned to Plaintiff with a handwritten reply which acknowledged an indebtedness to Plaintiff." On appeal, defendant urges that it was error for the trial court to fail to grant its motion for mistrial based upon the plaintiff's introduction of the "surprising" letter. We agree that the trial court erred in this regard.

The rules of discovery, under our Civil Practice Act, are designed to narrow and clarify the issues and to remove the potential for secrecy and hiding of material that existed under our previous system. In particular, the rules of discovery are designed to provide parties with the opportunity to obtain material knowledge of all relevant facts, thereby reducing the element of surprise at trial. *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284 (193 SE2d 166) (1972); *Clarkston Indus. v. Price,* 135 Ga. App. 787 (218 SE2d 921) (1975).

Under Code Ann. § 81A-126 (e) (2) a duty is imposed to supplement answers to interrogatories if the responding party obtains information upon the basis of which he knows that his original response "was incorrect when made, or . . . though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment." Though we find no case directly on point in Georgia, we are of the opinion that if, considering the nature of the information sought to be discovered, the undisclosed matter may be a source of "surprise" at trial to the party making the discovery, the duty to supplement discovery under Code Ann. § 81A-126 (e) (2) is triggered. Cf. *Jones v. Atkins,* 120 Ga. App. 487, 490 (2) (171 SE2d 367) (1969); *Kamensky v. Stacey,* 134 Ga. App. 530 (215 SE2d 294) (1975). In the instant case, this threshold was reached. It is clear that defendant might well be "surprised" by the introduction of the letter which apparently at all times relevant to the litigation was in the control and possession of plaintiff and had not been produced pursuant to an interrogatory requesting "all documents and other tangible things and their locations which you contend support, contain or illustrate facts or a fact which forms in whole or in part the basis of the allegation" of defendant's indebtedness. Compare

*Kamensky v. Stacey,* 134 Ga. App. 530, supra. We are, therefore, of the opinion that plaintiff had a duty to supplement its answer to defendant's interrogatory and make the existence of the letter known.

Once the duty to supplement the interrogatory is recognized, the next question is what sanction should be imposed for the failure to perform this duty. While our Civil Practice Act does not provide a specific answer for the question at hand, we believe *Jones v. Atkins,* 120 Ga. App. 487, 490 (2), supra, is dispositive. In *Jones* the defendant had served the plaintiff with interrogatories seeking information as to the names of witnesses to the collision which was the basis of the suit. The plaintiff failed to give the names of certain persons who were later called as witnesses and from whom was elicited, over defendant's objection, "critical" testimony. It was held that the " 'proper procedure when they were called to testify was not to object to their testifying or to the admission of their testimony, but to move for a postponement of the trial for a sufficient length of time to enable the defendant to interview them, check the facts to which they would testify, and, if indicated, arrange to secure rebuttal evidence or to impeach them. It would be an abuse of discretion, requiring the grant of a new trial, to refuse the postponement. *If this should not come up until the trial was already under way and the court determined that a postponement was impracticable, a mistrial should be declared.' "* (Emphasis supplied.) *Jones v. Atkins,* 120 Ga. App. 487, 491, supra. As we interpret *Jones* when a party claims, during the course of trial, that he has been "surprised" by evidence of a potentially "critical" nature which should have been disclosed under discovery, it is error to fail to grant a motion for mistrial on that basis unless the trial court determines that a mere postponement of the trial would suffice to rectify the inequity of forcing the "surprised" party to continue the litigation. Cf. *Wilson v. Northside Plumbing Co.,* 128 Ga. App. 625, 628 (197 SE2d 419) (1973); *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, 673 (8) (239 SE2d 686) (1977). See also Code Ann. § 81A-146 (b). In the instant case the defendant properly raised its objection to the letter by claiming it was "surprised" and requesting a mistrial. Compare *Kamensky v. Stacey,* 134 Ga. App. 530, supra. The trial court apparently merely took the motion under advisement, received the evidence, gave the defendant no time whatsoever, and then relied upon the evidence in entering judgment for plaintiff, thus establishing the "critical" nature of the letter. Compare *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, supra. The trial court should have exercised its discretion so as to either grant the mistrial or postpone the trial but did neither. This constitutes reversible error and a new trial is required. *Jones v. Atkins,* 120 Ga. App. 487, 491

supra.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 10, 1980 — DECIDED NOVEMBER 10, 1980.

*Wendell K. Willard,* for appellant.
*Gary C. Furin,* for appellee.