## 72718. DIXON v. FARMERS FURNITURE.
(349 SE2d 468)

BEASLEY, Judge.

This is an appeal from the grant of a writ of possession for household furniture. Appellant Dixon maintains that the petition for the writ was fatally defective in two respects: (1) that "it was brought in the name of a plaintiff whose name did not import either a natural or artificial person" and (2) "that the description was insufficient to distinguish the property to be levied on from other similar articles."

1. Should the petition for writ of possession have been dismissed on the ground that the name in which the petition was initially brought was not a proper legal entity?

The original petition was brought in the name of "Farmers Furniture." It was the name shown in one place on the retail installment contract/security agreement executed by Dixon. Where the seller signed, it was shown as "Farmers Furniture Co." The federal truth-in-lending disclosure statement also signed by Dixon named the seller as "Farmers Furniture & Appliances." The executed Uniform Commercial Code financing statement bore "Farmers Furniture Showroom" as the name of the secured party. These differences in denomination were raised by Dixon's defenses to the suit, which demanded dismissal unless properly amended. Notably, another defense was that defendant was adjudicated a bankrupt in which "Farmers Furniture Company" was listed as a creditor. The trial court permitted the plaintiff to amend the petition to include the seller as named on the disclosure and financing statements, which it did in writing. The

court found that the debt was not discharged in bankruptcy because defendant made arrangements to keep the goods and pay the indebtedness, but that she did not pay.

Even assuming the correctness of Dixon's contention that "Farmers Furniture" is not a legal entity, dismissal of the suit for the reason that such name was the only one appearing on the original petition would not be warranted. "[W]here the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment. Additionally, a mere misnomer of a party in the pleadings is a defect which may be waived where the misnamed party is *in* fact the legally cognizable proper party in interest." *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983). Plaintiff is the person whom defendant has dealt with and acknowledged all along.

2. Did the writ of possession adequately describe the property to be levied upon?

Appellant neither cites authority nor makes any argument whatsoever for the proposition that the writ was flawed in identifying the property at issue. Therefore we must treat the unsupported claim of error as abandoned. Court of Appeals Rule 15 (c) (2); *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315) (1985). We note, however, that appended to the petition for the writ of possession was a copy of the executed sales contract/security agreement which listed each piece of bedroom furniture by manufacturer's identification number and stock number as well as providing a description of each piece.

*Judgment affirmed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 9, 1986 —
REHEARING DENIED OCTOBER 7, 1986.

*Robert L. Cork*, for appellant.
*J. Stephen Gupton, Jr.*, for appellee.