73482. FREEMAN v. C. W. REDFERN ENTERPRISES, INC.
(355 SE2d 79)

CARLEY, Judge.

In March of 1983, appellee-defendant C. W. Redfern Enterprises, Inc. (Redfern, Inc.) purchased a kitchen remodeling firm known as Kitchen Stylists, Inc. It is undisputed that Redfern, Inc. thereafter continued to operate the business and used "Kitchen Stylists, Inc." as its purported trade name. In June of 1983, appellant entered into a contract for the remodeling of the kitchen in his home. Appellant's contract was with "Kitchen Stylists, Inc." The contract contained an arbitration clause. Following some period of performance under the contract, a dispute arose. Appellant subsequently brought this suit, naming Kitchen Stylists, Inc., but not Redfern, Inc. as among the defendants. However, Redfern, Inc. did file an answer, asserting that it had been "improperly denominated as Kitchen Stylists, Inc. . . ." Redfern, Inc.'s answer raised arbitration as a defense and it subsequently moved to enforce the arbitration clause in the contract. The trial court granted the motion, but certified its order for immediate review in this court. This appeal results from the grant of appellant's application for interlocutory appeal.

1. Appellant's sole enumeration is that the trial court erroneously granted Redfern, Inc.'s motion to compel arbitration. This contention is based upon several grounds. Appellant first urges that Redfern, Inc. is without standing to enforce the arbitration clause because it is not a proper party to this suit. Appellant contends that he contracted with and brought suit against only Kitchen Stylists, Inc. and that it is only that entity and not Redfern, Inc., that may seek to enforce the arbitration provision of the contract.

From the record, it is clear that appellant's only contract was with Redfern, Inc., insofar as "Kitchen Stylists, Inc." was merely a trade name for the kitchen remodeling firm that was owned and operated by Redfern, Inc. Assuming that appellant is correct in his assertion that Redfern, Inc. did not undertake proper measures to register Kitchen Stylists, Inc. as its trade name (see OCGA § 14-2-41 et seq.), Redfern, Inc. would not thereby be rendered incompetent to contract or to sue or be sued in its assumed trade name. See generally OCGA § 10-1-491; *Mozley v. DeVore*, 122 Ga. App. 867 (179 SE2d 102) (1970). Appellant brought suit against Kitchen Stylists, Inc. on a contract which bears that name. Kitchen Stylists, Inc. was, however, a trade name employed by Redfern, Inc. Redfern, Inc. answered the suit using its own name rather than its trade name. It is clear that Redfern, Inc. is a proper party to the instant suit and may seek enforcement of the arbitration clause of the contract.

2. Appellant urges that the arbitration clause is rendered void and unenforceable by reason of Redfern, Inc.'s fraud in the inducement. Review of the record reveals no evidence of fraudulent or deceitful conduct on the part of Redfern, Inc. which would render the contract null and void.

3. Appellant urges that the arbitration clause is overbroad and violates the public policy of this State.

As a general rule, Georgia courts have been reluctant to enforce contractual arbitration clauses. "Otherwise nothing would be easier than for the more astute party to oust the courts of jurisdiction. By first making the contract and then declaring who should construe it, the strong could oppress the weak, and in effect so nullify the law as to secure the enforcement of contracts usurious, illegal, immoral, or contrary to public policy." *Parsons v. Ambos*, 121 Ga. 98, 101 (48 SE 696) (1904). Accordingly, a contract provision requiring arbitration will generally be enforced only if it " 'limits its applicability to questions such as the amount of loss or damage and requires arbitration as a condition precedent to a right of action upon the contract itself. . . . [Cit.]' " *Savannah Transit Auth. v. Ledford*, 179 Ga. App. 238 (345 SE2d 915) (1986). Appellant urges that the contractual arbitration clause at issue fails to meet these strict requirements and is thus unenforceable.

Appellant's reliance upon the general rule of unenforceability of arbitration provisions in contracts is misplaced. The General Assembly has established the public policy of this State with regard to the enforceability of arbitration agreements contained in construction contracts such as that which is here in issue. See OCGA § 9-9-80 et seq. The arbitration agreement contained in the construction contract for remodeling appellant's kitchen is clearly valid and enforceable pursuant to the relevant statutory provisions.

4. Appellant urges that Redfern, Inc. has waived the right to rely upon the arbitration agreement by engaging in actions which are inconsistent with the right of arbitration. See generally *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10 (345 SE2d 53) (1986). However, the record shows that arbitration under the contract was sought when the dispute first arose, and that appellant filed this legal action only after the arbitration clause had been invoked. Redfern, Inc. raised arbitration as a defense when it filed its answer. While Redfern, Inc. did agree to numerous consent orders while discovery proceeded, there is no evidence that it took any action inconsistent with its assertion that arbitration was the proper disposition of the controversy. Compare *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, supra.

5. Appellant's remaining contentions that the trial court's arbitration order is erroneous are either moot or have no merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1987 —
REHEARING DENIED MARCH 18, 1987 —

*David M. Brown*, for appellant.
*Gerald F. Handley, Eugene P. Chambers, Jr., Arthur L. Myers, Jr.*, for appellee.