75666. WILSON et al. v. CUNNINGHAM et al.
(365 SE2d 534)

BANKE, Presiding Judge.

This suit was filed by "D & E Construction Company" to recover a balance of approximately $5,500 allegedly owed by the appellees for work performed pursuant to two construction contracts. Both these contracts were signed by Ernest Wilson as president of "D & E Construction Company, Inc." Because there was in fact no such corporation in existence, the complaint was later amended to substitute as plaintiffs "Ernest Wilson and Deadra T. Wilson, doing business under the tradename of D & E Construction Company." The appellee defendants thereupon filed an amended answer asserting that their contracts were with D & E Construction Company, Inc., and not with a general partnership comprised of Ernest and Deadra Wilson, and that because no such corporation existed they could not be held liable under the contracts. Immediately prior to the scheduled trial of the case, the trial judge granted a motion by the appellees for the dismissal of the action based on this defense. The present appeal followed. *Held*:

1. In *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983), the Georgia Supreme Court held that where "the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment." Accord *Dixon v. Farmers Furniture*, 180 Ga. App. 463 (1) (349 SE2d 468) (1986); *Youmans v. Riley Properties*, 180 Ga. App. 176 (349 SE2d 1) (1986). See also *Motorcycle Stuff v. Bryant*, 182 Ga. App. 554 (356 SE2d 521) (1987).

It is alleged in the amended complaint that the appellees retained the appellants, doing business as D & E Construction Company, to perform certain work on their property and that the appel-

lants subsequently performed such work. It follows that the appellants have asserted a claim in quantum meruit to recover for their services, irrespective of the validity of the written contract itself. Accord *Starling, Inc. v. Housing Auth. of Atlanta*, 162 Ga. App. 852 (2) (293 SE2d 392) (1982).

"A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiffs [cit.], plaintiff can establish no set of facts that would entitle it to relief against the defendant. [Cits.]" *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582) (1985). We accordingly hold that the trial court erred in dismissing the appellants' action.

2. The trial court additionally ruled that appellant Deadra T. Wilson was "an improperly joined party plaintiff lacking any interest in the subject alleged contracts." Based on the foregoing considerations, this ruling must also be reversed.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 3, 1988.

*Kirby G. Bailey*, for appellants.
*Gail T. Joyner*, for appellees.