A89A1271. LIVINGSTON et al. v. KNIGHT & KNIGHT OF LaGRANGE, INC.

(387 SE2d 393)

POPE, Judge.

In August 1985 defendants Ira L. and Mary G. Livingston entered into a contract with Knight & Knight of LaGrange, Inc., for the construction of a new house. The contract contained an arbitration clause whereby any and all disputes or controversies arising out of the performance of the contract could be submitted to arbitration by the demand of either party submitted in writing within five days after a controversy arose. The owners moved into the house in early 1986 and over the next year and a half made numerous complaints to the contractor concerning alleged construction deficiencies. The record shows the contractor performed certain work on the house in response to the owners' complaints. Finally, on October 6, 1988, the owners delivered to the contractor a written claim for damages prepared by an attorney. On October 11, 1988, the contractor delivered to the owners a written demand for arbitration of the matters raised in the demand letter. A copy of the demand letter was also served by certified mail on October 19. In the interim the owners rejected the demand for arbitration and the contractor filed an application to compel arbitration. The owners appeal the trial court's order compelling arbitration.

We reject the owners' argument that the contractor's right to arbitration is barred by waiver or laches because it failed to make the demand at an earlier time. The owners argue that a dispute and a controversy arose between the parties months earlier than the October date when the demand for arbitration was finally made. However, the evidence presented at the hearing on the application showed that the parties met and conferred over the preceding months in an effort to resolve the owners' complaints. The evidence supports the trial court's finding that for purposes of interpreting the arbitration clause the "controversy" arose when the letter setting forth a claim for damages was sent by the owners' attorney to the contractor. The contractor's written demand for arbitration was thus made within five days after the controversy arose.

Initially the written demand was hand delivered within the five-day period stipulated by the arbitration clause of the contract. Later the demand was served by certified mail as required by the applicable statute, OCGA § 9-9-84 (c) (1) (prior to amendment in 1988 by Ga. L. 1988, p. 903, § 1). The statute does not require the certified mail service to be made within any specific time period. Under the facts of this case the service of the demand was not insufficient because it satisfied the requirements of both the contractual provisions and the applicable statute.

"The arbitration agreement contained in the construction con-

tract . . . is clearly valid and enforceable pursuant to the relevant statutory provisions." *Freeman v. C. W. Redfern Enterprises*, 182 Ga. App. 205, 207 (355 SE2d 79) (1987). Consequently, the trial court did not err in enforcing the arbitration clause.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 10, 1989.

*Brian D. Lockerbie*, for appellants.
*Daniel, Hadden & Meadors, A. E. Daniel III*, for appellee.