## A91A1940. WHITE v. LANCE H. HERNDON, INC.
(417 SE2d 383)

CARLEY, Presiding Judge.

Appellee-plaintiff, which does business as "Access, Inc.," provides computer programming and systems analysis services. It agreed to provide such services to the Atlanta office of National Data Corporation (NDC) and, in furtherance thereof, appellee entered into an "Independent Contractor Agreement" with appellant-defendant. In this agreement, appellant contracted to provide computer services to NDC on behalf of appellee and further covenanted that, for a four-month period after termination of his agreement with appellee, he would not perform any other computer services for NDC on his own behalf. When appellant terminated his agreement with appellee and thereafter allegedly breached his covenant by providing computer services to NDC during the applicable four-month period, appellee filed suit to recover monetary damages and attorney's fees. The case was tried before a jury and resulted in a verdict in favor of appellee. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. The denials of appellant's motions for judgment on the pleadings and for summary judgment are moot issues. *Litton Indus. Credit Corp. v. Lunceford*, 175 Ga. App. 445 (1) (333 SE2d 373) (1985); *Dein v. Citizens Jewelry Co.*, 149 Ga. App. 340, 341 (4) (254 SE2d 403) (1979).

2. As originally filed, the complaint denominated the plaintiff as "Access, Inc." The trial court did not err in allowing the complaint to be amended so as to denominate appellee as the plaintiff. *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983); *Wilson v. Cunningham*, 185 Ga. App. 734 (1) (365 SE2d 534) (1988). Contrary to appellant's contentions, the instant contract is enforceable against him, notwithstanding that it was executed by appellee in the name of "Access, Inc." *Freeman v. C. W. Redfern Enterprises*, 182 Ga. App. 205, 206 (1) (355 SE2d 79) (1987).

3. Appellant enumerates as error the denial of his motion for a directed verdict. Our consideration of this enumeration is limited to only those grounds which were raised in the trial court. *Grabowski v. Radiology Assoc., P.A.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1986).

Appellant urged that the covenant is overly broad and unenforceable against him. By its terms, however, appellant agreed that, for a four-month period, he would not engage in the limited activity of performing computer services for only one of appellee's clients, that single client being the Atlanta office of NDC. Under these circumstances, the covenant is not overly broad and unenforceable. Compare *Club Properties v. Atlanta-Offices Perimeter*, 180 Ga. App. 352 (348 SE2d

919) (1986).

Contrary to appellant's contentions, appellee is not relegated to its equitable remedy of injunction, but it is authorized to sue for damages for the breach of the covenant. *Reid v. Bryant*, 208 Ga. 328 (2) (66 SE2d 826) (1951).

4. At the close of the evidence, the trial court granted appellee's motion for directed verdict as to appellant's counterclaim. Appellant does not enumerate this ruling as error. Nevertheless, he does urge that the trial court erred in refusing to submit to the jury the issue of his entitlement to attorney's fees and expenses of litigation pursuant to OCGA § 13-6-11.

Appellant was *not* entitled to any recovery under OCGA § 13-6-11 based upon appellee's alleged "bad faith" in prosecution of the instant action. Attorney's fees and expenses of litigation pursuant to OCGA § 13-6-11 are " 'not available to a defendant in the absence of a "viable independent counterclaim asserting (a) claim for relief independent of the assertion of the (plaintiff's) harassment, litigiousness and bad faith in bringing . . . suit." [Cit.]' " *Vogtle v. Coleman*, 259 Ga. 115, 117 (3) (376 SE2d 861) (1989). Since appellant does not contend that his independent counterclaim against appellee was viable, it follows that the trial court correctly refused to submit to the jury the issue of his entitlement to a recovery under OCGA § 13-6-11.

5. At trial, appellant tendered what he denominated as the original of his contract with appellee. This document, which contained blank spaces, was excluded by the trial court on the basis that appellant had not disclosed its existence during discovery. Thereafter, appellee tendered what it denominated as a photocopy of the lost original of its contract with appellant. This document, which contained no blank spaces, was admitted by the trial court.

Appellee's document was tendered as a photocopy of the original of the contract which had been lost. Appellant did not contend that he did not execute the original, but argued only that the document tendered by appellee reflected alterations insofar as the blanks had been filled in after execution. Under these circumstances, appellee was entitled to have its document admitted pursuant to OCGA § 24-5-21 and appellant was entitled to introduce evidence to show that the document had been altered. *Howard Piano Co. v. Glover*, 7 Ga. App. 548, 550 (2) (67 SE 277) (1910). It follows that the trial court did not err in admitting appellee's document.

The trial court did, however, exclude appellant's document based upon an erroneous ground. When a party proffers at trial evidence which should have been disclosed during discovery, exclusion of the proffered evidence is not an authorized sanction. The proper sanction is to order a postponement or a mistrial. *Hanna Creative Enterprises v. Alterman Foods*, 156 Ga. App. 376, 379 (2) (274 SE2d 761) (1980).

To warrant reversal, however, the trial court's exclusion of appellant's document would have to be harmful as well as erroneous. The only apparent difference between appellant's document which was excluded and appellee's document which was admitted is that the former contains blank spaces which the latter does not. Appellant's contention that the blanks in appellee's document had been filled in only after he had signed the original contract was thoroughly pursued by appellant's counsel both in the evidentiary phase of the trial and during closing arguments.

While the admission of appellant's document would undoubtedly have bolstered his contention that the contract that he signed contained blanks which were subsequently filled in by appellee, it does not appear that his contention would have any bearing on appellant's ultimate liability in the instant case. It was otherwise undisputed that the contract that appellant *did* sign contained a provision that, for a four-month period after termination of his agreement with appellee to provide computer services for NDC, he would not perform computer services for NDC in his own behalf. It was further undisputed that, after undertaking performance of his agreement with appellee, appellant elected to terminate that agreement and, without waiting four months, he began to perform computer services for NDC. Since it would appear that the purported additions to the contract allegedly made by appellee after appellant's signature have no material bearing on the enforceability of appellant's covenant and his liability for the breach thereof, any error in the exclusion of appellant's document was harmless. "[B]efore an alteration in a written instrument will vitiate the whole instrument, three things must appear: The alteration must be *material*, it must have been made by a person claiming a benefit under it, and must have been made with intent to defraud. Unless all three of these things appear, the contract as originally executed will be enforced, if it can be discovered and is still capable of execution. [Cits.]" (Emphasis supplied.) *International Harvester Co. v. Davis*, 13 Ga. App. 1, 3 (1) (78 SE 770) (1913).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

DENIED MARCH 11, 1992 —
RECONSIDERATION DENIED MARCH 26, 1992 — 

*Mark T. Sallee*, for appellant.
*Bauer, Deitch & Raines, Gerald B. Kline*, for appellee.